IN THE UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 DEC 27 P 2: 15
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| HEATHER WATTS | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | CV-2006- 2:06 CV 1149-MEF |
| HOSPITALITY VENTURES, LLC, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Pursuant to Rule 38, Fed. R. Civ. P., plaintiff demands a jury trial as to each issue so triable.

## INTRODUCTION

1. This is an action to recover damages, interest and liquidated damages, equitable relief and attorneys' fees and costs, on behalf of a woman whose employment was terminated during her federally protected maternity leave, in willful disregard of her federal rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (FMLA) and under Title VII, 42 USC 2000e, et seq., more specifically sex discrimination and pregnancy discrimination. Plaintiff has exhausted her remedies by filing the appropriate charge with the EEOC, and has been granted a right to sue. (Letter attached. Exhibit A)



SCANNED
CWS 12/28/06

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 USC § 2617 and 28 USC § 1331 and Title VII 42 USC 2000e, et seq.

3. Plaintiff Heather Watts is a female citizen of the United States and a resident of the State of Alabama; and she was employed by Hospitality Ventures, LLC, d/b/a Fairfield Inn of Montgomery, for a period from June 2004 until November 2, 2005.

4. Mrs. Watts received a personnel handbook informing her of her right to maternity leave and FMLA, within the meaning of 29 USC § 2611 (2)(A) and discussed and was granted a leave of absence by company officials.

5. Hospitality Ventures was Mrs. Watts' employer and it was an "employer" within the meaning of 29 USC §2611 (4)(A) at all times relevant to this action.

6. The unlawful employment practices described herein were committed within the State of Alabama and venue lies in this court pursuant to 28 USC § 1391(b).

## FACTS

7. Heather Watts began her employment at Hospitality Ventures, LLC, in 2004.

8. In the spring of 2005, Mrs. Watts became pregnant with her second child. She worked throughout her pregnancy, but received approval from Roger Miller, vice president of sales and marketing, and from General Manager Todd Epplin to take unpaid maternity leave, starting Aug. 11. She requested the leave in writing and was not due to return to work until Nov. 9.

9. Mrs. Watts helped train an intern to take over her job while she was on FMLA/maternity leave. Although Mrs. Watts was on leave, her employer, Hospitality Ventures, continued to give her assignments, and to pay her for seven hours of work per week.

10. Epplin's successor, Tami Dominguez attempted to call Mrs. Watts back to work for three days a week during her approved leave. Mrs. Watts' baby was ill, and she was unable to work those hours during her leave. However, she continued to work on a company marketing program at home.

11. On Nov. 2, 2005, Mrs. Watts affirmed that she would be returning to her job fulltime on Nov. 9. Ms. Dominguez called Mrs. Watts back and stated that the company was not going to give her the option, that she could resign or be fired.

12. Mrs. Watts received her final check on Nov. 3 and was ordered to clean out her office.

13. Ms. Dominguez does not have custody of her own child. Other company officials had expressed concern over Mrs. Watts' ability to obtain child care. This was the only expressed reason for terminating Mrs. Watts, whose sales record had turned around company revenues, earned her praise and quarterly bonuses.

14. The person hired to replace Mrs. Watts is unmarried, and followed the same schedule Mrs. Watts had.

15. Mrs. Watts was told her medical coverage had been canceled three days prior to her termination.

## CLAIMS

### TITLE VII -- SEX DISCRIMINATION

16. On information and belief, Defendant selected Plaintiff for termination based on a sex-based discriminatory concern that the existence of her child would cause her to sacrifice her job duties to the Defendant. Such concerns were not expressed to male employees with small children, nor a cause for their termination.

17. Defendant's actions, based on impermissible discriminatory beliefs, was a willful violation of Title VII protections against sex discrimination, committed with malicious and reckless indifference and plaintiff suffered lost wages and benefits of employment.

### FMLA

18. Defendant represented to Plaintiff before, during and after her leave was granted, and, in fact, after termination, that Plaintiff was eligible for 12 weeks' leave under the Family Medical Leave Act.

19. Nevertheless, Defendant did willfully violate the FMLA leave statute by firing Plaintiff while she was under the protection of the statute.

20. On information and belief, Hospitality Ventures, LLC selected Heather Watts for termination and discharged her from her employment because of her taking FMLA/maternity leave; and /or in order to interfere with, restrain or deny the exercise of her right of restoration to the position of employment she held when her protected leave commenced, or to be restored to an equivalent

position with equivalent employment benefits, pay and other terms and conditions of employment.

21. Defendant's actions constituted a willful, malicious and reckless violation of plaintiff's rights under the FMLA and Title VII, 26 USC § 2003, et seq.

22. As a result of Defendant's willful violation of her rights, Heather Watts suffered lost wages and benefits of employment.

## BREACH OF CONTRACT OF GOOD FAITH
## & FAIR DEALING

23. Defendant did into an oral contract with Plaintiff to grant her FMLA leave or its equivalent, terminating her seven days before the agreement expired.

24. Defendant knowingly and willingly violated the agreement by continuing to pressure Plaintiff to work while on leave and by terminating her when she was unable to forego her bargained-for leave and return to work early.

25. Defendant's actions constitute a willful, malicious and reckless breach of contract, and, as a result, Plaintiff suffered lost wages and benefits of employment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

a. Enter a judgment that the defendant's conduct constituted a willful, malicious and reckless violation of her rights under the FMLA and Title VII, sex discrimination/pregnancy statutes.

b. Order the defendant to reinstate her into her former position of employment or an equivalent position, with all seniority and other benefits which would have accrued absent this violation of her rights;

c. Enter a judgment pursuant to 29 USC §2617 (a)(1)(A), for damages equal to all wages and employment benefits lost as a result of the defendant's conduct, the interest on all such amounts calculated at the prevailing rate, and an additional amount as liquidated damages equal to the sum of the wages, benefits and interest combined; and for back pay, front pay and all actual and punitive damages for violation of 42 USC 2000e, et seq.

d. Order the defendant to pay reasonable attorneys' fees, expert witness fees, and other costs incurred in prosecuting this action.

Respectfully submitted,

_____
Priscilla Black Duncan (DUN033)
Attorney for the Plaintiff

P.B. Duncan & Associates, LLC
472 S. Lawrence, Suite 204
Montgomery AL 36104
(334) 264-9679
(334) 264-9643 FAX


Defendant's Address:
Hospitality Ventures, LLC
C/o
Morris Manning & Martin LLP
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta GA 30326

EEOC Form 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Heather G. Watts
6976 Eastern Shore Road
Montgomery, AL 36117

From: Birmingham District Office - 420
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2006-01283 | Murry A. Gosa, Intake Supervisor | (205) 212-2119 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

_____    9-26-06
Bernice Williams-Kimbrough,              (Date Mailed)
District Director

cc: Daniel S. Fellner, Attorney
Morris, Manning & Martin
1600 Atlanta Financial Center
3343 Peachtree Road N.E.
Atlanta, GA 30326-1044

Priscilla Duncan
Attorney at Law
P.O. Box 1603
Montgomery, AL 36102