IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER TO COMPLAINT

NOW COMES Hospitality Ventures, LLC and, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), files this Answer to Plaintiff's Complaint.

## FIRST DEFENSE

The Complaint should be dismissed because it fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Complaint should be dismissed because it is not well grounded in fact nor warranted by law.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

The Complaint should be dismissed to the extent that Plaintiff has not properly exhausted her administrative remedies.

1603976 v13

**FIFTH DEFENSE**

The Complaint should be dismissed because Hospitality Ventures, at all times, complied with applicable laws, acted reasonably and in good faith, and exercised due care and diligence toward Plaintiff.

**SIXTH DEFENSE**

The Complaint should be dismissed, in whole or in part, because Hospitality Ventures did not discriminate against Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

**SEVENTH DEFENSE**

The Complaint should be dismissed, in whole or in part, because Hospitality Ventures did not violate the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").

**EIGHTH DEFENSE**

The Complaint should be dismissed, in whole or in part, because Plaintiff failed to state a claim under the FMLA.

**NINTH DEFENSE**

The Complaint should be dismissed because Hospitality Ventures fulfilled all obligations imposed upon it under Title VII and the FMLA.

**TENTH DEFENSE**

Plaintiff's claims lack merit because the employment actions taken by Hospitality Ventures with respect to Plaintiff were based on legitimate, non-discriminatory reasons.

**ELEVENTH DEFENSE**

The Complaint should be dismissed because neither Plaintiff's sex, pregnancy, nor any other impermissible factor influenced any employment decision relating to Plaintiff.

1603976 v13

**TWELFTH DEFENSE**

The Complaint should be dismissed because Hospitality Ventures did not treat similarly situated employees differently than Plaintiff.

**THIRTEENTH DEFENSE**

The Complaint should be dismissed because Hospitality Ventures followed its policies and procedures.

**FOURTEENTH DEFENSE**

The Complaint should be dismissed because Hospitality Ventures was not an "employer" under Title VII or the FMLA.

**FIFTEENTH DEFENSE**

The Complaint should be dismissed because Hospitality Ventures was not Plaintiff's "employer" under Title VII or the FMLA.

**SIXTEENTH DEFENSE**

The Complaint should be dismissed because Plaintiff did not exercise any rights under the FMLA.

**SEVENTEENTH DEFENSE**

The Complaint should be dismissed because Plaintiff was not an "eligible employee" under the FMLA.

**EIGHTEENTH DEFENSE**

The Complaint should be dismissed because the handbook Plaintiff received is not intended to constitute a contractual commitment, does not constitute a legally binding offer, and is not a binding contractual commitment.

1603976 v13

### NINETEENTH DEFENSE

Plaintiff's claim for breach of contract of good faith and fair dealing should be dismissed because it fails for lack of specificity and/or lack of consideration for any alleged agreement.

### TWENTIETH DEFENSE

Plaintiff's claim for breach of contract of good faith and fair dealing should be dismissed because a reasonable person would not have justifiably relied on the creation of a contractual responsibility.

### TWENTY-FIRST DEFENSE

Plaintiff's claim for breach of contract of good faith and fair dealing should be dismissed because Plaintiff breached any agreements, contracts, covenants, or duties which might be found to have existed.

### TWENTY-SECOND DEFENSE

Plaintiff's claim for damages fails as a matter of law because she failed to mitigate or reasonably attempt to mitigate her alleged damages, if any, her entitlement to which is expressly denied.

### TWENTY-THIRD DEFENSE

Plaintiff is not entitled to recover punitive or liquidated damages against Hospitality Ventures because Hospitality Ventures endeavored in good faith to comply with the provisions of Title VII, the FMLA, and any alleged oral contract, the existence of which Hospitality Ventures denies.

### TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to recover punitive or liquidated damages against Hospitality Ventures for breach of an alleged oral contract, the existence of which Hospitality Ventures denies.

### TWENTY-FIFTH DEFENSE

Hospitality Ventures' conduct toward Plaintiff was not extreme or outrageous.

**TWENTY-SIXTH DEFENSE**

Hospitality Ventures did not act with malice, a wanton and willful disregard, or a reckless indifference, toward Plaintiff's rights.

**TWENTY-SEVENTH DEFENSE**

Plaintiff is not entitled to punitive damages because Hospitality Ventures acted in a good faith attempt to comply with the law by adopting appropriate policies and procedures.

**TWENTY-EIGHTH DEFENSE**

Hospitality Ventures reserves the right to amend or add affirmative defenses or counterclaims that may become known during the course of discovery.

**TWENTY-NINTH DEFENSE**

Subject to the defenses stated above, Hospitality Ventures answers the specific allegations of the Complaint:

1.

Answering Paragraph 1 of the Complaint, Hospitality Ventures admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"), and the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA"), but denies that it committed any act or omitted to perform any act giving rise to a legitimate cause of action against it, and denies that Plaintiff suffered any damages. In addition, Hospitality Ventures admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and that the EEOC issued Plaintiff a Dismissal and Notice of Rights on September 26, 2006, a copy of which is attached to the Complaint. Paragraph 1 of the Complaint also contains legal conclusions to which responses are not required. To the extent responses to the legal conclusions are required, Hospitality Ventures denies those legal

conclusions.  Except as admitted above, Hospitality Ventures denies the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.

Answering Paragraph 2 of the Complaint, Hospitality Ventures admits that this Court has jurisdiction over some of the claims in this action, but denies that it committed any act or omitted to perform any act giving rise to a legitimate cause of action against it.  Except as admitted above, Hospitality Ventures denies the remaining allegations in Paragraph 2.

3.

Answering Paragraph 3 of the Complaint, Hospitality Ventures admits that Plaintiff is female and that Montgomery Ventures, LLC employed Plaintiff.  Hospitality Ventures lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff is a citizen of the United States and a resident of the State of Alabama, and therefore denies the same.  Except as admitted above, Hospitality Ventures denies the remaining allegations contained in Paragraph 3.

4.

Answering Paragraph 4 of the Complaint, Hospitality Ventures admits that Plaintiff received an Associate Handbook that contains a Family and Medical Leave policy, and that Plaintiff discussed and was granted a leave of absence.  Except as admitted above, Hospitality Ventures denies the remaining allegations in Paragraph 4.

5.

Paragraph 5 of the Complaint contains legal conclusions to which responses are not required. To the extent responses to the legal conclusions are required, Hospitality Ventures denies those legal conclusions.  Hospitality Ventures denies the remaining allegations contained in Paragraph 5.

6.

1603976 v13

Answering Paragraph 6 of the Complaint, Hospitality Ventures admits that venue is proper in this Court, but denies that it committed any act or omitted to perform any act giving rise to a legitimate cause of action against it. Except as admitted above, Hospitality Ventures denies the remaining allegations in Paragraph 6.

**FACTS**

7.

Hospitality Ventures denies the allegations in Paragraph 7 of the Complaint.

8.

Answering Paragraph 8 of the Complaint, Hospitality Ventures admits that: Plaintiff became pregnant; Plaintiff worked during her pregnancy; Plaintiff requested a leave of absence; and Roger Miller approved her unpaid leave of absence beginning on August 11, 2005. In addition, Hospitality Ventures lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations about when she became pregnant and whether it was her second child, and therefore denies the same. Except as admitted above, Hospitality Ventures denies the remaining allegations contained in Paragraph 8.

9.

Answering Paragraph 9 of the Complaint, Hospitality Ventures admits that: Plaintiff provided some instructions to an intern who performed some of Plaintiff's duties during her leave of absence in 2005; Plaintiff performed some work during her leave of absence; and Montgomery Ventures, LLC paid Plaintiff for the work that Plaintiff performed during her leave of absence. Except as admitted above, Hospitality Ventures denies the remaining allegations in Paragraph 9.

10.

Answering Paragraph 10 of the Complaint, Hospitality Ventures admits that: Tammy Dominguez succeeded Todd Epplin as the General Manager of the Fairfield Inn located at 5601

Carmichael Road, Montgomery, Alabama 36117; Plaintiff performed some work during her leave of absence; and Plaintiff was unwilling to work certain hours during her leave of absence. In addition, Hospitality Ventures lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint about Plaintiff's baby being ill, and therefore denies the same. Except as admitted above, Hospitality Ventures denies the remaining allegations in Paragraph 10.

11.

Hospitality Ventures denies the allegations in Paragraph 11 of the Complaint.

12.

Hospitality Ventures denies the allegations in Paragraph 12 of the Complaint.

13.

Answering Paragraph 13 of the Complaint, Hospitality Ventures admits that Plaintiff earned quarterly bonuses. In addition, Hospitality Ventures lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Ms. Dominguez having custody of her own child, and therefore denies the same. Except as admitted above, Hospitality Ventures denies the remaining allegations in Paragraph 13.

14.

Hospitality Ventures denies the allegations in Paragraph 14 of the Complaint.

15.

Hospitality Ventures denies the allegations in Paragraph 15 of the Complaint.

## CLAIMS
### TITLE VII - SEX DISCRIMINATION

16.

Hospitality Ventures denies the allegations in Paragraph 16 of the Complaint.

17.

Hospitality Ventures denies the allegations in Paragraph 17 of the Complaint.

**FMLA**

18.

Hospitality Ventures denies the allegations in Paragraph 18 of the Complaint.

19.

Hospitality Ventures denies the allegations in Paragraph 19 of the Complaint.

20.

Hospitality Ventures denies the allegations in Paragraph 20 of the Complaint.

21.

Hospitality Ventures denies the allegations in Paragraph 21 of the Complaint.

22.

Hospitality Ventures denies the allegations in Paragraph 22 of the Complaint.

**BREACH OF CONTRACT OF GOOD FAITH & FAIR DEALING**

23.

Hospitality Ventures denies the allegations in Paragraph 23 of the Complaint.

24.

Hospitality Ventures denies the allegations in Paragraph 24 of the Complaint.

25.

Hospitality Ventures denies the allegations in Paragraph 25 of the Complaint.

1603976 v13

## PRAYER FOR RELIEF

26.

Hospitality Ventures denies the allegations in the prayer for relief contained in the unnumbered paragraph following Paragraph 25, and denies that Plaintiff is entitled to any damages or other relief.

27.

Hospitality Ventures denies all allegations in the Complaint that are not specifically admitted above.

WHEREFORE, Hospitality Ventures respectfully prays that:

(a) Plaintiff recover nothing and the Complaint be dismissed with prejudice;

(b) Judgment be entered in favor of Hospitality Ventures;

(c) All costs, including Hospitality Ventures' attorneys' fees and expenses, be borne by Plaintiff; and

(d) The Court grant Hospitality Ventures all other relief that this Court deems just and proper.

This 2nd day of March, 2007.

Respectfully submitted,

Jeffrey A. Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1987
Fax: (205) 254-1999

s/ Daniel S. Fellner
R. Jason D'Cruz
Admitted Pro Hac Vice
Daniel S. Fellner
Admitted Pro Hac Vice

1603976 v13

        Morris, Manning & Martin, LLP
        1600 Atlanta Financial Center
        3343 Peachtree Road, N.E.
        Atlanta, Georgia 30326-1044
        Telephone:  (404) 233-7000
        Fax:  (404) 365-9532

        Attorneys for HOSPITALITY VENTURES, LLC

1603976 v13

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I certify that this day I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system, which will notify the following of such filing:

> Priscilla Black Duncan
> P.B. Duncan & Associates
> 472 S. Lawrence, Suite 204
> Montgomery, AL  36104
> helzphar@mindspring.com

This 2nd day of March, 2007.

>                s/ Daniel S. Fellner
> Attorney for Hospitality Ventures, LLC