IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Heather Watts, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06CV1149-MEF |
| | ) | |
| Hospitality Ventures, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES Hospitality Ventures, LLC and, pursuant to Federal Rule of Civil Procedure 56(b), files its Brief in Support of Motion for Partial Summary Judgment.

## I.   INTRODUCTION

Plaintiff purports to assert a claim against Hospitality Ventures for allegedly violating the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). Only an "eligible employee" can assert a claim for a violation of the FMLA. Plaintiff was not an "eligible employee" because her employer employed fewer than fifty (50) employees within seventy-five (75) miles of her work site. Consequently, Plaintiff cannot maintain a claim against Hospitality Ventures under the FMLA, and the Court should grant its Motion for Partial Summary Judgment on Plaintiff's FMLA claim.

## II.   STATEMENT OF FACTS

From June 24, 2004, through November 9, 2005, Plaintiff worked at, or was assigned work from, the Fairfield Inn by Marriott,

1

located at 5601 Carmichael Road, Montgomery, Alabama, 36117 (the "Hotel").  (Affidavit of Roger Miller at ¶ 2 (Exhibit 1)).  Montgomery Ventures, LLC owns and operates the Hotel.  (Id. at ¶ 3).  Hospitality Ventures, LLC does not own or operate the Hotel.[1]  (Id.).  From June 24, 2004, through November 9, 2005, all of the employees of Montgomery Ventures, Hospitality Ventures, and all of their affiliated entities who worked within seventy-five (75) miles of the Hotel:

- Worked at the Hotel[2]; and

- Were paid through Montgomery Ventures' payroll.

(Affidavit of Karen Kish at ¶¶ 2-3 (Exhibit 5)).  From June 24, 2004, through November 9, 2005, Montgomery Ventures always maintained fewer than fifty (50) employees on its payroll.  (Id. at ¶ 7, Exhibit A).

---

[1] From January 1, 2003, to the present, Hospitality Ventures, LLC has not had any employees or conducted any operations. On January 23, 2007, Hospitality Ventures:
   1) notified Plaintiff that she named the wrong entity as a defendant;
   2) provided her payroll records demonstrating that Montgomery Ventures was the proper defendant; and
   3) requested that she amend her Complaint to correct this error.
(Exhibit 2).  Plaintiff initially agreed to amend her Complaint to correct her error, but later refused to do so.  (Exhibits 3 and 4).  If Plaintiff continues to pursue her claims against Hospitality Ventures, LLC, it will file a Motion for Summary Judgment because it is not an "employer" under Title VII or the FMLA, and could not have entered into any alleged contract with Plaintiff.

[2] In fact, from June 24, 2004, through November 9, 2005, Montgomery Ventures, Hospitality Ventures, and all of their affiliated entities did not have any employees working anywhere in Alabama other than at the Hotel.  (Kish Aff. at ¶ 3).

## III. ARGUMENT AND CITATION OF AUTHORITY

**A.   Standard of Review**

Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b) "is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" <u>Prewett v. State of Alabama Dep't of Veterans Affairs, et. al.</u>, 419 F. Supp. 2d 1338, 1342 (M.D. Al. 2006) (Judge Fuller) (<u>quoting</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).  "If the party seeking summary judgment meets the initial burden of demonstrating that there is no genuine issue of material fact, the burden then shifts to the non-moving party to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence." <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1577 (11th Cir. 1991).  The non-moving party may not rest upon the mere allegations of her pleadings; to avoid summary judgment, her response must set forth specific facts showing that there is a genuine issue for trial.  FED.R.CIV.P. 56(e).

**B.   Plaintiff Was Not An "Eligible Employee" Under The FMLA**

The FMLA allows "eligible employees" to take up to twelve (12) work weeks of leave during any twelve (12) month period for qualifying reasons.  29 U.S.C. §2612(a)(1).  An employee is not an

"eligible employee" if she "is employed at a work site at which [the employer] employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that work site is less than 50." 29 U.S.C. § 2611(2)(B)(ii). An employee's work site is the location to which she reports, or from which her work is assigned. 29 C.F.R. §825.111(a). "The determination of how many employees are employed within 75 miles of the worksite of an employee is based on the number of employees maintained on the payroll." 29 C.F.R. §825.111(c). Where a plaintiff cannot demonstrate that she is an "eligible employee," she is ineligible for FMLA coverage, and cannot maintain a claim under the FMLA. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 923 (11th Cir. 2003); <u>Strickland v. Water Works and Sewer Bd. of the City of Birmingham</u>, 239 F.3d 1199, 1204 (11th Cir. 2001).

Here, from June 24, 2004, through November 9, 2005, Plaintiff's work site was the Hotel. 29 C.F.R. §825.111(a); (Miller Aff. at ¶ 2). From June 24, 2004, through November 2005, all employees who worked at any location within seventy-five (75) miles of the Hotel were paid through Montgomery Ventures' payroll. (Kish Aff. at ¶ 2). From June 24, 2004, through November 2005, Montgomery Ventures always maintained fewer than fifty (50) employees on its payroll. (<u>Id.</u> at ¶ 7). Accordingly, Plaintiff was not an "eligible employee" under the FMLA because she worked at a work site where her employer employed fewer than fifty (50)

employees within seventy-five (75) miles, and she cannot maintain her FMLA claim against Hospitality Ventures.  29 U.S.C. § 2611(2)(B)(ii); 29 C.F.R. §825.111(a)(2), (c); <u>Morrison</u>, 323 F.3d at 923; <u>Strickland</u>, 239 F.3d at 1204.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Hospitality Ventures summary judgment on Plaintiff's claim under the Family and Medical Leave Act.

This 26th day of March, 2007.

        Respectfully submitted,

        Jeffrey A. Lee
        Maynard, Cooper & Gale, P.C.
        1901 Sixth Avenue North
        2400 AmSouth/Harbert Plaza
        Birmingham, Alabama 35203-2618
        Telephone:  (205) 254-1987
        Fax:  (205) 254-1999

         s/ Daniel S. Fellner_____
        R. Jason D'Cruz
        Admitted Pro Hac Vice
        Daniel S. Fellner
        Admitted Pro Hac Vice
        Morris, Manning & Martin, LLP
        1600 Atlanta Financial Center
        3343 Peachtree Road, N.E.
        Atlanta, Georgia 30326-1044
        Telephone:  (404) 233-7000
        Fax:  (404) 365-9532

        Attorneys for Hospitality Ventures, LLC

```
              IN THE UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF ALABAMA
                       NORTHERN DIVISION
```

|  |  |
|---|---|
| HEATHER WATTS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
|  | ) |
| HOSPITALITY VENTURES, LLC, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

### CERTIFICATE OF SERVICE

I certify that this day I electronically filed the foregoing BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will notify the following of such filing:

> Priscilla Black Duncan
> P.B. Duncan & Associates
> 472 S. Lawrence, Suite 204
> Montgomery, AL  36104
> helzphar@mindspring.com
>
> Alicia K. Haynes
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, Alabama 35226
> akhaynes@haynes-haynes.com

This 26th day of March, 2007.

```
                        s/ Daniel S. Fellner
                        Attorney for Hospitality Ventures, LLC
```

1629192