```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF ALABAMA
                       NORTHERN DIVISION
```

Heather Watts,                  )
                                )
    Plaintiff,                  )
                                )
v.                              )    CASE NO. 2:06CV1149-MEF
                                )
Hospitality Ventures, LLC,      )
                                )
    Defendant.                  )

**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES Hospitality Ventures, LLC and, pursuant to Federal Rule of Civil Procedure 56(b) and the Court's April 2, 2007, Order, files this Reply in Support of its Motion for Partial Summary Judgment.

## I.   INTRODUCTION[1]

Plaintiff does not dispute that only an "eligible employee" can maintain a claim under the Family and Medical Leave Act ("FMLA"). Plaintiff does not dispute that she does not meet the FMLA's statutory requirements to be an "eligible employee." Instead, Plaintiff asserts that she should be allowed to maintain an FMLA claim because Hospitality Ventures: 1) allegedly failed to promptly notify her of her ineligibility for FMLA leave, and 2) should be estopped from denying that she was an "eligible

---

[1] In her Response, Plaintiff argues that Hospitality Ventures is an "employer" under the FMLA, and the proper defendant in this action. (Response at 1-4, 6). Both arguments are premature because Hospitality Ventures has not yet moved for summary judgment on those issues.

1650082 v13

employee". Failure to promptly notify an employee of ineligibility for FMLA leave does not render her eligible. In addition, courts in the Eleventh Circuit have rejected the doctrine of estoppel in FMLA cases.

The Court also should deny Plaintiff's request pursuant to Federal Rule of Civil Procedure 56(f) because the discovery Plaintiff seeks will not create a genuine issue of material fact. As required by Rule 56(f), Plaintiff failed to: 1) submit an affidavit in support of her request, 2) state the particular facts she expects to discover, and 3) state how those facts would create a genuine issue of material fact. For all these reasons, the Court should grant Hospitality Ventures' Motion for Partial Summary Judgment on Plaintiff's FMLA claim, and deny Plaintiff's Rule 56(f) request.

## II. PLAINTIFF'S MISREPRESENTATION OF FACTS

Plaintiff claims that Hospitality Ventures allegedly admits in the EEOC position statement that she requested and was granted a leave of absence under the FMLA. (Response at 4, Exhibit 9). Plaintiff is wrong. The position statement unequivocally states that Plaintiff was not eligible for leave under the FMLA because she was not an "eligible employee." (Response at Exhibit 9, p.1 n.1). Also, the position statement states that Plaintiff was granted maternity leave, not FMLA leave. (Response at Exhibit 9, passim.).

## III. ARGUMENT AND CITATION OF AUTHORITY

**A.   Plaintiff Was Not an "Eligible Employee"**

Only an "eligible employee" can maintain a claim under the FMLA.  Morrison v. Amway Corp., 323 F.3d 920, 923 (11th Cir. 2003); Strickland v. Water Works and Sewer Bd. of the City of Birmingham, 239 F.3d 1199, 1204 (11th Cir. 2001).  An employee is not "eligible" if her employer employed less than 50 employees within 75 miles of her work site.  29 U.S.C. § 2611(2)(B)(ii).

Hospitality Ventures presented now uncontroverted evidence demonstrating that Plaintiff was not an "eligible employee" because her employer employed fewer than fifty (50) employees within seventy-five (75) miles of her worksite.  (Brief at 1-2, 4-5).  In her Response, Plaintiff did not contest this fact.  (Response, passim.).  Thus, Plaintiff does not meet the FMLA's statutory requirements to be an "eligible employee," and summary judgment is appropriate on her FMLA claim.  29 U.S.C. § 2611(2)(B)(ii); FED.R.CIV.P. 56(e); Morrison, 323 F.3d at 923; Strickland, 239 F.3d at 1204.

**B.   Alleged Failure to Notify of Ineligibility Does Not Render Plaintiff Eligible For FMLA Leave**

Plaintiff asserted that Hospitality Ventures' alleged failure to promptly notify her that she was not eligible for FMLA leave rendered her an "eligible employee."  (Response at 4-5).  However, not promptly notifying an employee of her ineligibility for FMLA leave does not render her eligible.  Brungart v. BellSouth

Telecomms., Inc., 231 F.3d 791, 797 (11th Cir. 2000).  In Brungart, an employee who was ineligible for FMLA leave requested FMLA leave. Id. at 793-94.  More than one (1) month after the employee's leave commenced, the employer notified her that she was ineligible for leave under the FMLA.  Id. at 794.  The employee sued claiming the employer violated the FMLA by denying leave.  Id. at 794-95.  The Eleventh Circuit affirmed the District Court's grant of summary judgment for the employer, and held that an employer's failure to promptly notify an employee of her ineligibility for FMLA leave cannot render the employee eligible for FMLA leave.  Id. at 797. Thus, pretermitting whether Hospitality Ventures notified Plaintiff that she was not "eligible," she still is not "eligible" and summary judgment is appropriate.  Id.

**C.   No Eleventh Circuit Support for Estoppel in FMLA Claims**

"There is no support from the Eleventh Circuit for applying the doctrine [of estoppel] in FMLA cases."  Pennant v. Convergys Corp., 368 F. Supp. 2d 1307, 1313 (S.D. Fla. 2005); see Brungart, 231 F.3d at 797 n.4 (declining to speculate whether an employer could be estopped from asserting the plaintiff was ineligible for leave under the FMLA).  District Courts within the Eleventh Circuit refuse to apply the doctrine of estoppel to FMLA claims.  Pennant, 368 F. Supp. 2d at 1313; Martin v. Brevard County Pub. Schools, No. 6:05-cv-971-Orl-22KRS, 2007 WL 496777, at *10 (M.D. Fla. Feb. 13, 2007) (stating "[u]ntil the Eleventh Circuit mandates differently,

this Court finds no reason to apply the estoppel doctrine to the FMLA"); Caputo-Conyers v. Berkshire Realty Holdings, LP, No. 6:05-CV-341-ORL-31KRS, 2005 WL 1862697, at *6 (M.D. Fla. Aug. 2, 2005). Accordingly, this Court should refuse to apply the doctrine of estoppel, and grant Hospitality Ventures' Motion for Partial Summary Judgment on Plaintiff's FMLA claim. Brungart, 231 F.3d at 797 n.4; Pennant, 368 F. Supp. 2d at 1313; Martin, 2007 WL 496777, at *10; Caputo-Conyers, 2005 WL 1862697, at *6.

**D.   Requirements for Obtaining Continuance Not Met**

The Court has broad discretion to deny a motion for a continuance under Federal Rule of Civil Procedure 56(f)[2]. Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir.1989). To obtain a continuance under Rule 56(f), a party must submit an affidavit stating the particular facts she expects to discover, and how those facts would create a genuine issue of material fact. Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir.1998); Crouch v. AmSouth Bank, No. 2:06-cv-111-MEF, 2006 WL 2971692 at *1-2 (M.D.Ala. Oct. 17, 2006) (Judge Fuller) (denying Rule 56(f) motion). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified,

---

[2] Plaintiff requests that the Court allow her an opportunity to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d). (Response at 6). Rule 56(f), not 56(d), allows a court to permit additional discovery before ruling on a motion for summary judgment. Thus, it appears that Plaintiff intended to make her request pursuant to Rule 56(f).

facts, but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions." <u>Barfield</u>, 883 F.2d at 931 (quotations and citation omitted).

Plaintiff did not file an affidavit stating the particular facts she expects to discover, or how those facts would create a genuine issue of material fact. (Response at 6 and Exhibit 10). Accordingly, Plaintiff's request for a continuance should be denied because it does not comply with Rule 56(f). FED.R.CIV.P. 56(f); <u>Harbert</u>, 157 F.3d at 1280; <u>Crouch</u>, 2006 WL 2971692 at *1-2.

Plaintiff requests to conduct discovery about the vague topics of "jurisdiction, whether the Plaintiff is an eligible employee, and [whether] the Defendant [is] an eligible employer [sic] under the FMLA." (Response at 6). Hospitality Ventures seeks summary judgment because Plaintiff was not an "eligible employee" under the FMLA. Consequently, discovery about jurisdiction and whether Hospitality Ventures is an employer under the FMLA cannot create a genuine issue of material fact, and Plaintiff's request for a continuance to conduct discovery on these issues should be denied. <u>Harbert</u>, 157 F.3d at 1280; <u>Barfield</u>, 883 F.2d at 931; <u>Crouch</u>, 2006 WL 2971692 at *1-2.

Plaintiff's request to conduct discovery about the vague topic of whether she was an "eligible employee" does not identify any particular facts she expects to discover, or how such discovery will permit her to rebut the undisputed fact that she was not an

"eligible employee" because her employer never employed fifty (50) or more employees within seventy-five (75) miles of her worksite. (Response at 6; Brief at 1-2, 4-5). Conducting this discovery only will cause the parties to incur unnecessary expense. Accordingly, Plaintiff's request for a continuance to conduct discovery about whether she was an "eligible employee" should be denied because it does not comply with Rule 56(f), it is too vague, and such discovery cannot create a genuine issue of material fact. <u>Harbert</u>, 157 F.3d at 1280; <u>Barfield</u>, 883 F.2d at 931; <u>Crouch</u>, 2006 WL 2971692 at *1-2.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Hospitality Ventures' Motion for Partial Summary Judgment on Plaintiff's Family and Medical Leave Act claim, and deny Plaintiff's request for a continuance under Federal Rule of Civil Procedure 56(f).

This 20th day of April, 2007.

        Respectfully submitted,

        Jeffrey A. Lee
        Maynard, Cooper & Gale, P.C.
        1901 Sixth Avenue North
        2400 AmSouth/Harbert Plaza
        Birmingham, Alabama 35203-2618
        Telephone: (205) 254-1987
        Fax: (205) 254-1999

        _s/ Daniel S. Fellner_____
        R. Jason D'Cruz
        Admitted Pro Hac Vice
        Daniel S. Fellner
        Admitted Pro Hac Vice
        Morris, Manning & Martin, LLP
        1600 Atlanta Financial Center
        3343 Peachtree Road, N.E.
        Atlanta, Georgia 30326-1044
        Telephone: (404) 233-7000
        Fax: (404) 365-9532

        Attorneys for Hospitality Ventures, LLC

1650082 v13

```
      IN THE UNITED STATES DISTRICT COURT
         MIDDLE DISTRICT OF ALABAMA
              NORTHERN DIVISION
```

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I certify that this day I electronically filed the foregoing REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system, which will notify the following of such filing:

> Priscilla Black Duncan
> P.B. Duncan & Associates
> 472 S. Lawrence, Suite 204
> Montgomery, AL  36104
> helzphar@mindspring.com
>
> Alicia K. Haynes
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, Alabama 35226
> akhaynes@haynes-haynes.com

This 20th day of April, 2007.

                          s/ Daniel S. Fellner
                    Attorney for Hospitality Ventures, LLC

1650082 v13