## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHEAST DIVISION

| | |
|---|---|
| **HEATHER WATTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION NO.:** |
| | ) **2:06-cv-1149-MEF** |
| **HOSPITALITY VENTURES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## EMERGENCY MOTION FOR PROTECTIVE ORDER
## AND MOTION FOR SANCTIONS

COMES Now the Plaintiff, by and through her attorney of record, and files her emergency motion for a protective order and motion for sanctions. In support of said motion, Plaintiff states as follows:

1.    Plaintiff was contacted on June 18, 2007, by Yvonne Richardson of Green Gate School to advise that Green Gate had received a subpoena for records on Plaintiff's son, Tanner Watts. **(See Exhibit 1)**. On information and belief, Green Gate is a child day care facility.

2.    Plaintiff's son, Tanner Watts, never attended Green Gate School, nor was the name, Green Gate ever disclosed during the litigation of this matter. However, another child of the Plaintiffs attended Green Gate.

3.    Additionally, Defendant has issued a subpoena to Taylor Road Baptist Church for the day care records on Plaintiff's son, Tanner Watts. **(See Exhibit 2)**. On information and belief, the Plaintiff attends church and worships at Taylor Road Baptist Church and the church also offers attendant day care for minor children.

4.    Additionally, Defendant propounded discovery to the Plaintiff requesting the minor children's medical providers and medical records. Plaintiff answered this discovery on June 7, 2007, objecting and citing privacy issues with regard to her minor children and stating she would only answer this information if directed by court order.

5.    After receiving Plaintiff's answers to said discovery, Defendant has thereafter issued subpoenas requesting records on the minor children from certain daycare facilities. **(See Exhibits 1 and 2 attached)**. Plaintiff's counsel has now received an e-mail from Defendant's counsel attaching a third subpoena for medical records of Plaintiff's child from Partners in Pediatrics. **(See Exhibit 3)**. This facility treats the Plaintiff's children and was never disclosed during this litigation by Plaintiff.

6.    This court entered an order on May 24, 2007, granting Plaintiff's Motion for Limited Discovery solely related to the jurisdictional issue in this matter. (Doc. 20). Defendant's discovery as to the Plaintiff's children's medical records and

2

daycare records does not relate to the jurisdictional issue.

7.      As such, Plaintiff moves for a protective order in this matter prohibiting further discovery and quashing any subpoenas seeking daycare or medical records on the minor children and that such further discovery should relate to the jurisdictional issue currently pending in this matter. Discovery related to the day care and medical records of the minor children are not sought for any reason but only to harass the Plaintiff.

8.      Additionally, Plaintiff moves for sanctions as Plaintiff has answered interrogatories and responded to requests for production specifically indicating that Plaintiff would not produce medical information on her minor children absent an order from this court directing her to do so. **(See Exhibits 4 and 5)**. Defendant having this knowledge circumvented the court's order and issued subpoenas to the minor children's daycare facilities.

WHEREFORE, THESE PREMISES CONSIDERED, Plaintiff moves this Honorable Court for a protective order in regard to the subpoenas issued to Green Gate School, Taylor Road Baptist Church and Partners in Pediatrics and for this court to impose sanctions against Defendant for its discovery which is not related to the jurisdictional issue currently the basis of limited discovery in this matter, but for an improper purpose.

3

In the alternative, Plaintiff moves this Court for an order that any documents

relating to the minor children be forwarded to the court for *in camera* inspection and

that this court appoint a guardian ad litem to review the records of the minor children

to protect the privacy of the minor children with costs taxed to Defendant.

/s/ Alicia K. Haynes _____ _____ _____ _____
Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel S. Fellner
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

Jeffrey Allen Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

R. Jason D'cruz
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

/s/ Alicia K. Haynes
OF COUNSEL

∴AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE        DISTRICT OF        ALABAMA, NORTHERN DIVISION

HEATHER WATTS,

V.

HOSPITALITY VENTURES, LLC,

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  2:06CV1149-MEF

TO:  Green Gate School
Attn: Custodian of Records
3265 McGhee Road
Montgomery, Alabama 36111

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents, reports, records and information that references, concerns, or relates to Tanner Watts and/or Heather Watts, including, but not limited to, applications, bills, payments, registrations forms, contracts, and/or deposits.

| PLACE | DATE AND TIME |
|---|---|
| Maynard, Cooper & Gale, 100 North Union Street, Suite 650, Montgomery, Alabama 36104 (334) 262-2001 | 7/2/2007 10:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ATTORNEY FOR DEFENDANT | 6/14/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Daniel S. Fellner, 3343 Peachtree Road, N.E., Atlanta, Georgia 30326 (404) 233-7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state district under case number.



**EXHIBIT**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF AUTHENTICATION OF RECORDS

THE UNDERSIGNED, certifies that the attached records are true, accurate and complete copies

of _____ files responsive to the SUBPOENA FOR PRODUCTIONS OF

DOCUMENTS, dated June 14, 2007, which were made and kept by _____.

This CERTIFICATE is given in lieu of the personal appearance of the person certifying, and in

connection with a lawsuit involving Heather Watts vs. Hospitality Ventures, LLC.

These records were kept in the normal course of business by _____, and it

was the regular business practice to maintain these particular records.

The records with this certificate were delivered to Dan Fellner, Esq., attorney for Defendant

Hospitality Ventures, LLC, who is the counsel who sought production of these records.


_____
Green Gate School Records Custodian

SWORN TO AND SUBSCRIBED
before me this _____ day of
_____, 2007.

_____
Notary Public
My Commission Expires: _____
(AFFIX NOTARIAL SEAL)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE                    DISTRICT OF                ALABAMA, NORTHERN DIVISION

HEATHER WATTS,                          **SUBPOENA IN A CIVIL CASE**

V.

HOSPITALITY VENTURES, LLC,

Case Number:[1]  2:06CV1149-MEF

TO:  Taylor Road Baptist
     Attn: Custodian of Records
     1685 Taylor Road
     Montgomery, Alabama 36117

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents, reports, records and information that references, concerns, or relates to Tanner Watts and/or Heather Watts, including, but not limited to, applications, bills, payments, registrations forms, contracts, and/or deposits.

| PLACE    Maynard, Cooper & Gale, 100 North Union Street, Suite 650, Montgomery, Alabama 36104 (334) 262-2001 | DATE AND TIME 7/2/2007 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   ATTORNEY  FOR  DEFENDANT | DATE 6/14/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel S. Fellner, 3343 Peachtree Road, N.E., Atlanta, Georgia 30326 (404) 233-7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state district under case number.



EXHIBIT
2

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF AUTHENTICATION OF RECORDS

THE UNDERSIGNED, certifies that the attached records are true, accurate and complete copies

of _____ files responsive to the SUBPOENA FOR PRODUCTIONS OF

DOCUMENTS, dated June 14, 2007, which were made and kept by _____.

This CERTIFICATE is given in lieu of the personal appearance of the person certifying, and in

connection with a lawsuit involving Heather Watts vs. Hospitality Ventures, LLC.

These records were kept in the normal course of business by _____, and it

was the regular business practice to maintain these particular records.

The records with this certificate were delivered to Dan Fellner, Esq., attorney for Defendant

Hospitality Ventures, LLC, who is the counsel who sought production of these records.


_____
Taylor Road Baptist Records Custodian

SWORN TO AND SUBSCRIBED
before me this _____ day of
_____, 2007.

_____
Notary Public
My Commission Expires: _____
(AFFIX NOTARIAL SEAL)

1686513 v02

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing Subpoenas to Taylor Road Baptist

and Green Gate School" upon all parties to this matter by U.S. Mail to:


Priscilla Black Duncan, Esq.          Alicia K. Haynes
P.B. Duncan & Associates, LLC.       Haynes & Haynes, P.C.
472 S. Lawrence, Suite 204           1600 Woodmere Drive
Montgomery, Alabama 36104            Birmingham, Alabama  35226


This _____ day of June, 2007.

_____
Attorney for Hospitality Ventures, LLC

1630864

## Alicia Haynes

**From:** Daniel S. Fellner [dsf@mmmlaw.com]

**Sent:** Wednesday, June 20, 2007 5:05 PM

**To:** Alicia Haynes; helzphar@mindspring.com

**Cc:** Jeff Lee

**Subject:** Watts v. Hospitality Ventures

Alicia and Priscilla,

On July 2, 2007, we will serve the attached subpoena upon Partners in Pediatrics seeking the medical records of Tanner Watts. Also attached is the certification of records we will serve with the subpoena. We would like Plaintiff to consent to the production of those records. In the next few days, we will provide Plaintiff with a proposed confidentiality order designed to protect the confidentiality of those documents.

By June 30, 2007, please let me know whether Plaintiff will consent to the production of those records.

Please call if you have any questions.

Dan Fellner
Employment Law Group
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
p: (404) 504-5476
f: (404) 365-9532

For information on Morris, Manning & Martin, LLP, please visit our Web site at http://www.mmmlaw.com. This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.



EXHIBIT

%AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Middle _____ DISTRICT OF _____ Alabama, Northern Division

| Heather Watts | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Hospitality Ventures, LLC | Case Number:[1]  2:06CV1149-MEF |

TO:  Custodian of Records
    Partners in Pediatrics (Dr. Lamenda Blakeney)
    8160 Seaton Place
    Montgomery, AL 36116

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

A certified copy of any and all documents that reference, concern, or relate to any medical treatment or health care provided to or received by Tanner Watts for the period from August 10, 2005, to February 28, 2006.

| PLACE   Maynard, Cooper & Gale, 100 North Union Street, Suite 650, Montgomery, Alabama 36104, (334) 262-2001 | DATE AND TIME<br>7/13/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>6/30/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel S. Fellner, 3343 Peachtree Road, N.E., Atlanta, Georgia 30326, (404) 233-7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF AUTHENTICATION OF RECORDS

THE UNDERSIGNED, certifies that the attached records are true, accurate and complete copies

of _____ files responsive to the SUBPOENA FOR PRODUCTIONS OF

DOCUMENTS, dated June 14, 2007, which were made and kept by _____.

This CERTIFICATE is given in lieu of the personal appearance of the person certifying, and in

connection with a lawsuit involving Heather Watts vs. Hospitality Ventures, LLC.

These records were kept in the normal course of business by _____, and it

was the regular business practice to maintain these particular records.

The records with this certificate were delivered to Dan Fellner, Esq., attorney for Defendant

Hospitality Ventures, LLC, who is the counsel who sought production of these records.


_____
Taylor Road Baptist Records Custodian

SWORN TO AND SUBSCRIBED
before me this _____ day of
_____, 2007.

_____
Notary Public
My Commission Expires: _____
(AFFIX NOTARIAL SEAL)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHEAST DIVISION

| | | |
|---|---|---|
| **HEATHER WATTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:06-cv-1149-MEF** |
| **HOSPITALITY VENTURES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

COMES NOW, the plaintiff, Heather Watts, and hereby objects and/or responds to Defendant's First Set of Interrogatories as follows:

## <u>GENERAL OBJECTIONS</u>

Plaintiff objects to each and every Interrogatory on each of the following grounds:

1.    Plaintiff's objections to Defendant's First Interrogatories to Plaintiff are made without waiver of, or prejudice to, any additional objections Plaintiff may make.

2.    All objections are hereby expressly preserved, as is the right to move for a protective order.

3.    Plaintiff reserves all objections as to admissibility at trial of any information provided.

EXHIBIT

4

4.    Plaintiff objects to each and every Interrogatory to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Defendant has made no showing that it has substantial need for the materials in the preparation of its case and that it is without undo hardship to obtain the substantial equivalent of materials by other means. Plaintiff further objects to each and every Interrogatory to the extent that the information called for, if any, is privileged and is not discoverable under Rule 26(b)(3), Federal Rules of Civil Procedure.

5.    Plaintiff objects to each and every Interrogatory to the extent that the information called for, if any, is protected from discovery by the attorney-client privilege.

6.    Plaintiff reserves the right to supplement its responses to Defendant's First Interrogatories to Plaintiff upon completion of discovery.

## INTERROGATORIES

1.    Identify all documents and electronically stored information concerning any facts or issues relating to the controversies which are the subject of this action.

**ANSWER:** See documents produced responsive to Defendant's First Request for Production of Documents to Plaintiff, Bates Nos. 0001-0224.

2.    From the period from June 1, 2004, to November 20, 2005, identify all facts, documents, and electronically stored information that reference, concern, or relate to who was Your employer.

2

**ANSWER:** See documents produced responsive to Defendant's First Request for Production of Documents to Plaintiff, Bates Nos. 0001-0204.

3.     If You or anyone acting on Your behalf has obtained written or recorded statements in any form from any person regarding any facts referenced in, concerning, or related to the allegations in Your Complaint or Hospitality Ventures' Answer, then for each such statement identify: (i) the identity of the person from whom such statement was taken; (ii) the identity and employer of the person who took the statement; (iii) the form of the statement, whether written statement, transcript, recording, or summary of oral statements; and (iv) the identity of the person having custody of this statement.

**ANSWER:** Plaintiff has no statements at this time nor is she aware that any statements exist.

4.     For the period from January 1, 2000, to the present, for each of Your current and former employers, state: the employer's name, address, telephone number; the dates of such employment; Your job title; the nature of Your work or duties; the name of Your supervisor; and the reason for Your leaving. For purposes of this Interrogatory, the term "employer" shall mean any person or entity with whom You have or had a relationship, whether employment, consulting, or otherwise, where You provide, provided, or would provide services to such person or entity in return for any remuneration or the promise of remuneration.

3

**ANSWER:**

| Employer, Supervisor, Address and Phone Number | Dates Employed | Job Title and Nature of Work | Reason for Leaving |
|---|---|---|---|
| Preschool Taylor Road Baptist Church 1685 Taylor Road Montgomery, AL 36117 **Supervisor:** Belinda Hepburn and Pam Sloan | Oct. 2006 - April 2007 | Resource Teacher | started own business |
| Aspect Foundation 508 Hwy 110 N. Suite G Whitehouse, TX 75791 **Supervisor:** Stacey Hanson | June 2006-current | International Coordinator - worked with placing students with host families | currently employed |
| Capture the Moment 6976 Eastern Shore Road Montgomery, AL 36117 | Sept. 2006-current | photographer and owner of company | currently employed |
| Affiliate Marketing Montgomery City Guide **Supervisor:** Jennifer Solt | April 2007 | Photographer/ Account Executive - Independent Contractor | currently employed |

5.    For the period from January 1, 2003, to the present, identify all remuneration You have received from any source.

**ANSWER:** Plaintiff will provide a damage computation pursuant to this court's scheduling order.

6.    For the period from January 1, 2005, to the present, state the names, addresses, and telephone numbers of every person or entity to whom or to which You have applied for employment and describe all of Your efforts to obtain employment. For purposes of this Interrogatory, the term "employment" shall mean any arrangement, whether employment, consulting, or otherwise, where You provide,

provided, or would provide services to any person or entity in return for any remuneration or the promise of remuneration.

**ANSWER:** See response to 4 above. Further, I have conducted internet employment searches on Al.com and monster.com. I have also searched the newspaper for employment.

7.    Identify by name, date, and court any other judicial proceedings to which You have been a party or a witness.

**ANSWER:** Plaintiff has not been a party nor a witness to any other lawsuit.

8.    If You have made or filed any charge of discrimination, state: (a) when the charge was filed, (b) the name and address of all parties involved in the charge, (c) the circumstances giving rise to the charge, (d) the ultimate disposition of the charge or if it is still pending, (e) whether You filed a lawsuit based in whole or in part upon the allegations contained in the charge, and (f) the ultimate disposition of such lawsuit or if such lawsuit is still pending.

**ANSWER:** Plaintiff has only filed one charge of discrimination which is the basis of this suit.

9.    For the period from August 11, 2005, to February 28, 2006, identify all health care providers for Tanner Watts, and for each such health care provider, identify the name, address, and telephone number for each such provider.

**ANSWER:** My child is not a party to this action and I do not want to produce my child's medical doctors nor records. I have been advised by my attorney that providing the names of my child's doctors will involve further discovery in the way of subpoenas to my child's doctor. As such, I am refusing to answer this interrogatory based on my child's privacy.

10.    For the period from January 1, 2005, through February 28, 2006, identify Your health care providers by providing the name, address, and telephone number for each such provider.

5

**ANSWER:**

Dr. Rebecca Miller
OBGYN Associates
495 Taylor Road
Montgomery, AL 36117
334-279-9333

11.    Identify by name and title any and all "company officials" who "expressed concern over [Your] ability to obtain child care" as alleged in ¶ 13 of Your Complaint.

**ANSWER:** Other than Tammy Dominguez as identified in paragraph 13, I had conversations with Roger Miller, Vice President of Sales and Marketing.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

6

Heather Watts

STATE OF ALABAMA          )
COUNTY OF Jefferson       )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Heather Watts, who, under oath, states that the matters and things alleged in the foregoing are true and correct.

This the ___7th___ day of ___June___, 2007.

Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: June 19, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My commission expires: _____

As to objections:

Respectfully submitted,

Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com
ASB-8327-E23A

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing has been served upon the following, by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid on this the _____ day of _____, 2007.

Daniel S. Fellner
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

Jeffrey Allen Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

R. Jason D'cruz
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

OF COUNSEL

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHEAST DIVISION

| | |
|---|---|
| **HEATHER WATTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION NO.:** |
| | ) **2:06-cv-1149-MEF** |
| **HOSPITALITY VENTURES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST REQUEST FOR PRODUCTION

COMES NOW, the Plaintiff, Heather Watts, by and through her attorney, and

hereby objects and responds to Defendant's First Request for Production as follows:

### GENERAL OBJECTIONS

Plaintiff objects to each and every discovery request on each of the following

grounds:

1.     Plaintiff's objections to Defendant's First Request for Production of

Documents are made without waiver of, or prejudice to, any additional objections

Plaintiff may make.

2.     All objections are hereby expressly preserved, as is the right to move for

a protective order.

EXHIBIT
5

3.    Plaintiff reserves all objections as to admissibility at trial of any information provided.

4.    Plaintiff objects to each and every Request to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Defendant has made no showing that it has substantial need for the materials in the preparation of his case and that it is without undo hardship, to obtain the substantial equivalent of materials by other means.    Plaintiff further objects to each and every Request to the extent that the information called for, if any, is privileged and is not discoverable under Rule 26(b)(3), Federal Rules of Civil Procedure.

5.    Plaintiff objects to each and every Request to the extent that the information called for, if any, is protected from discovery by the attorney-client privilege.

6.    Plaintiff reserves the right to supplement its responses to Defendant's First Request for Production to Plaintiff upon completion of discovery.

2

## REQUESTS

1.    All Documents that reference, concern, or relate to the controversies which are the subjects of this action.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0001-0224.

2.    All Documents that reference, concern, or relate to whether Hospitality Ventures, LLC was Your employer.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0001-0047.  Additionally, see documents attached as 0085-0197.

3.    All Documents that reference, concern, or relate to who employed you from June 1, 2004, to November 30, 2005.

**RESPONSE:**    See response to Request 2 above.  Additionally, see documents attached as 0081-0084.

4.    For the period from January 1, 2003, to the present, all Documents that reference, concern, or relate to Your pay stubs and all other payroll records received from any source.

**RESPONSE:**    Plaintiff has no documents responsive to this request.

5.    Your federal and state tax returns, including all schedules and/or attachments, for calendar years 2003, 2004, 2005, 2006 and 2007.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0048-0080.

6.    All Documents that reference, concern, or relate to Your leave of absence which began on August 11, 2005.

**RESPONSE:**    Plaintiff has produced responsive documents attached 0081-0084.

3

7.    All Documents that reference, concern, or related to the work You continued to perform during your leave of absence as alleged in Paragraph 9 of Your Complaint.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0085-0129.

8.    All Documents including, but not limited to, any diaries or e-mails, that reference, concern, or relate to Your employment with Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**    See response to Request 7 above. Additionally, see documents attached as 0130-0169.

9.    All Documents You identified in response to Hospitality Ventures' First Interrogatories to Plaintiff.

**RESPONSE:**

10.    All Documents consulted, referred to, or used in any way in connection with the preparation of Your responses to Hospitality Ventures' First Interrogatories to Plaintiff.

**RESPONSE:**

11.    All Documents that reference, concern, or related to the termination of Your employment with Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0161-0169.

12.    All Documents that reference, concern, or relate to the personnel handbook you claim to have received as alleged in Paragraph 4 of Your Complaint.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0170-0197.

4

13.    All Documents that reference, concern, or relate to the charge of discrimination You filed with the EEOC concerning Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**    Plaintiff is in the process of obtaining a copy of her EEOC file and will supplement her responses upon receipt.

14.    All Documents that reference, concern, or related to Your claim for damages.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0198-0201.

15.    All Documents that reference, concern, or related to any agreement between You and Your attorneys pertaining to Your payment of attorneys' fees and costs for this action.

**RESPONSE:**    Plaintiff adopts each and every general objection as if set forth herein. Plaintiff objects to Request No. 15 as this request is protected from discovery by the attorney-client privilege and work product doctrine.

16.    For the period from January 1, 2005, to the present, all Documents that reference, concern, or related to Your attempts or efforts to obtain employment. For purposes of this Request, the term "employment" shall mean any arrangement, whether employment, consulting, or otherwise, where You provide, provided, or would provide services to any person or entity in return for any remuneration or the promise of remuneration.

**RESPONSE:**    Plaintiff has conducted internet employment searches on Al.com and monster.com. She has also searched the newspaper for employment.

17.    For the period from August 11, 2005, to February 28, 2006, a certified copy of any and all Documents that reference, concern, or related to any medical treatment or health care provided to or received by Tanner Watts.

**RESPONSE:**    Plaintiff's child is not a party to this action and Plaintiff does not wish to produce her child's medical records. Plaintiff has been advised by her

5

attorney that producing her child's medical records will involve further discovery in the way of subpoenas to her child's doctor. As such, Plaintiff is refusing to answer this Request based on her child's privacy.

18.    For the period of August 11, 2005, to February 28, 2006, a certified copy of any and all Documents that reference, concern, or related to any medical treatment or health care provided to or received by You.

**RESPONSE:**    Plaintiff is in the process of obtaining copies of her medical records and will supplement her responses upon receipt.

19.    For the period from January 1, 2005, to February 28, 2006, all Documents that reference, concern, or related to Your child care arrangements and/or Your attempts to obtain child care including, but not limited to, applications, bills, payments, registration forms, contracts, and/or deposits.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0198-0201.

20.    All Documents that reference, concern, or related to the alleged oral contract referred to in Paragraphs 23-25 of Your Complaint.

**RESPONSE:**    Plaintiff has no documents responsive to this request.

21.    All Documents You provided to or received from any employee or agent of Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**    See response to Request 1, 6, 7, 8 11, and 12 above. Additionally, see documents attached as 0205-0224.

22.    All Documents You provided to or received from Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**    Plaintiff has no documents responsive to this request.

23.    All records of any conversation between You and any current or former employee or agent of Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or

6

any related entity.

**RESPONSE:**    Plaintiff has a cassette tape which she will duplicate and upon completion will supplement her responses upon receipt.

24.    All Documents provided to, reviewed by, or generated by any expert retained or consulted by You or Your counsel.

**RESPONSE:**    Plaintiff has no documents responsive to this request.

Respectfully submitted,

Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com
ASB-8327-E23A

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing has been served upon the following, by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid on this the _____ day of _____, 2007.

Daniel S. Fellner
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

Jeffrey Allen Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

R. Jason D'cruz
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

OF COUNSEL

8