IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Heather Watts,                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )        CASE NO. 2:06CV1149-MEF
                                  )
Hospitality Ventures, LLC,        )
                                  )
        Defendant.                )

**OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER AND
MOTION FOR SANCTIONS, AND CROSS-MOTION FOR SANCTIONS**

NOW COMES Hospitality Ventures, LLC and, pursuant to Federal Rule of Civil Procedure 26 and Local Rule 5.1, files this Opposition to Emergency Motion for Protective Order and Motion for Sanctions, and Cross-Motion for Sanctions.

## I.    INTRODUCTION

On March 26, 2007, Hospitality Ventures moved for summary judgment only on Plaintiff's Family and Medical Leave Act ("FMLA") claim.  On April 12, 2007 the Court ordered that "[a]ll discovery shall be completed on or before January 17, 2008."  On May 24, 2007, the Court issued an Order: 1) "allow[ing] limited discovery on the issue of jurisdiction. . . under the [FMLA] . . . until July 27, 2007"; and 2) set a schedule for briefing Hospitality Ventures' Motion for Partial Summary Judgment.  On June 7, 2007, two (2) weeks after the Court's Order, Plaintiff served discovery requests

seeking documents relating to all aspects of this case, not just jurisdiction under the FMLA.

During her employment, Plaintiff stated in e-mails that her child care arrangements and the health condition of one of her children affected her ability to return to work. Accordingly, Hospitality Ventures followed Plaintiff's lead and served subpoenas for information about Plaintiff's child care arrangements. Hospitality Ventures also intends to serve a subpoena about that one (1) child's health condition. Thus, the subpoenas that Hospitality Ventures served and proposes to serve seek relevant and discoverable information.

For all these reasons, and as more fully explained below, the Court should deny Plaintiff's Motion. In addition, the Court should sanction Plaintiff for: 1) failing to consult with Hospitality Ventures about the present issues before filing her Motion; 2) filing a frivolous Motion; and 3) violating the Court's May 24, 2007, Order, if it is decided the Order limited the scope of discovery to jurisdictional issues only.

## II.    STATEMENT OF FACTS

### A.    Plaintiff's Employment

From June 24, 2004, through November 9, 2005, Plaintiff worked at the Fairfield Inn by Marriott in Montgomery, Alabama (the "Hotel"). (Affidavit of Roger Miller at ¶ 2 (Exhibit A)). On August 11, 2005, Plaintiff began a leave of absence from work.

(Pl. Compl. ¶ 8).   The following day, Plaintiff gave birth to Tanner Watts.   The Hotel terminated Plaintiff's employment because she refused to return to work full-time after her leave of absence.

**B.    Scope of Discovery Until July 27, 2007**

### 1.    Hospitality Ventures Moved For Summary Judgment on FMLA Claim

On March 26, Hospitality Ventures moved for partial summary judgment because Plaintiff was not an "eligible employee", and therefore has no claim under the FMLA[1].   On April 13, in response to Hospitality Ventures' Motion for Partial Summary Judgment, Plaintiff asked the Court to allow her to conduct discovery on the issue of jurisdiction before ruling on Hospitality Ventures' Motion for Partial Summary Judgment.   On May 24, the Court granted Plaintiff's request and Ordered that:

> The parties shall be allowed limited discovery on the issue of jurisdiction -- whether the Plaintiff is an eligible employee and the Defendant an eligible employer under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. -- until July 27, 2007.
>
> It is further ORDERED that the plaintiff file an amended response to the motion for partial summary judgment on or before August 10, 2007. The defendants may file a reply brief on or before August 17, 2007.

The Court's Order did not indicate that it was intended to abrogate the Order of April 12, 2007.

---

[1] Plaintiff also maintains claims for an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and for a breach of contract.

1695002

**2.    Plaintiff Served Broad Discovery Requests**

On June 7, 2007, two (2) weeks after the Court's Order, Plaintiff served her First Request for Production of Documents. (Exhibit B). That Request sought discovery related to all aspects of the case, and was not limited to the issue of jurisdiction under the FMLA. (Id.). In particular, Plaintiff asked Hospitality Ventures to produce:

- Personnel files for several persons (#1);

- Hotel sales, revenue, and performance documents (#2, 3, 4, 16, 20, 21);

- Other EEOC Charges and lawsuits (#6);

- Communications between various persons (#7, 8);

- Hiring and firing decisions by the Hotel's General Manager, Tammy Dominguez (#9);

- The business travel itineraries for Roger Miller, a person whom Plaintiff interacted with while she was employed at the Hotel (#10);

- Sales agreements (#11);

- Marketing and bonus information (#14, 22);

- The Hotel's franchise agreement with Marriott (#12); and

- Information about Plaintiff's performance (#17, 18, 19).

(Id.). On July 10, 2007, Hospitality Ventures is due to serve its response to that Request.

**3.    Additional Discovery Scheduled to Occur By July 27, 2007**

On July 19, 2007, Hospitality Ventures is scheduled to depose Plaintiff. (Exhibit C). On July 20, 2007, Plaintiff is scheduled

1695002

to depose Mr. Miller.  Mr. Miller lives in Atlanta, Georgia, and presently is scheduled to travel to Montgomery for this deposition. Hospitality Ventures scheduled these depositions based upon the assumption that discovery would take place on all issues in the case, not just the issue of jurisdiction under the FMLA.

C.    **Subpoenas Sought Relevant and Discoverable Information**

  1.    **Plaintiff's Child Care Arrangements and her Child's Health Condition Affected Her Leave**

Plaintiff's leave of absence lasted from August 10, 2005 to November 9, 2005.  On August 29, 2005, Plaintiff sent an e-mail to Mr. Miller stating that she was unable to obtain child care for her newborn son, Tanner Watts (Exhibit D).  As a result, Plaintiff could not return to work for more than three (3) days per week. (Id.).  On September 27, 2005, Plaintiff sent an e-mail to Mr. Miller requesting to extend her leave of absence because Tanner had a health condition.  (Exhibit E).[2]

  2.    **Plaintiff Refused to Produce Documents and Information**

On March 23, 2007, discovery opened and Hospitality Ventures served its First Interrogatories and First Request for Production. (Exhibit F and G).  In those discovery requests, Hospitality Ventures asked Plaintiff to:

  •    For the period from August 11, 2005, to February 28, 2006, identify all health care providers for Tanner Watts, and for each such health care provider, identify

---

[2] Plaintiff produced Exhibits D and E.  Hospitality Ventures highlighted some of the relevant portions.

the name, address, and telephone number for each such provider. (Exhibit F, Interrogatory #9);

- For the period from August 11, 2005, to February 28, 2006 [produce] a certified copy of any and all Documents that reference, concern, or relate to any medical treatment or health care provided to or received by Tanner Watts (Exhibit G, Request #17); and

- For the period from January 1, 2005 to February 28, 2006, [produce] all Documents that reference, concern, or relate to Your child care arrangements and/or Your attempts to obtain child care including, but not limited to, applications, bills, payments, registrations forms, contracts, and/or deposits (Exhibit G, Request #19).

April 23, 2007 was the deadline for Plaintiff to respond to those discovery requests. On June 7, 2007, Plaintiff provided substantive responses to those discovery requests, but refused to produce the requested information and documents related to the above three (3) requests. (Exhibits H and I). Plaintiff did not object to any request on the basis that it related to issues other than jurisdiction under the FMLA. (Exhibits H and I). On June 12, 2007, Hospitality Ventures sent Plaintiff a letter notifying her that her responses were deficient, and demanding that she provide the requested information and documents.[3] (Exhibit J). Plaintiff never responded to that letter. On June 18, 2007, Hospitality Ventures reiterated its demand that Plaintiff provide the requested information and documents, but Plaintiff did not respond. (Exhibit K).

---

[3] In that letter, Hospitality Ventures also notified Plaintiff that her discovery responses were deficient for numerous other reasons.

1695002

    3.    **Hospitality Ventures' Subpoenas**

    On June 15, 2007, eight (8) days after Plaintiff served requests seeking discovery about all issues in the case, Hospitality Ventures served subpoenas on two (2) child care facilities identified in the documents Plaintiff produced. (Exhibits L and M).  Notably, those subpoenas sought documents related to only Plaintiff's newborn, Tanner Watts.  (Exhibits L and M).

    On June 18, 2007, Plaintiff sent an e-mail to Hospitality Ventures demanding an immediate explanation for why it served those subpoenas.  (Exhibit K).  In addition, Plaintiff demanded to know why Hospitality Ventures sought those records "in light of the court's limited order on discovery."  (Id.).  Later on June 18, 2007, Hospitality Ventures responded, and asked "does Plaintiff maintain that until July 27, 2007, discovery may not proceed on any issue other than whether Ms. Watts was an 'eligible employee' and Hospitality Ventures was an 'employer' under the Family and Medical Leave Act?"  (Id.).  Plaintiff never responded.

    On June 20, 2007, Hospitality Ventures notified Plaintiff that on June 30, 2007, it intends to serve a subpoena on Partners in Pediatrics for the health care records of only Tanner Watts for the period from August 10, 2005 to February 28, 2006.  (Exhibit N). Hospitality Ventures also stated that it would soon propose a confidentiality order designed to protect the confidentiality of

1695002

those documents. (Id.). Plaintiff responded and asked why Hospitality Ventures wanted Tanner's health care records. (Id.). Later on June 20, Hospitality Ventures explained that:

> In the documents Plaintiff produced, she requested to extend her leave of absence because of her newborn child's health condition. Accordingly, she placed her newborn child's health condition at issue. We are seeking records only for her newborn child (we understand that is Tanner, but please let us know if we have that wrong and we will correct it).

(Id.). On June 28, 2007, Hospitality Ventures proposed a confidentiality order. (Exhibit O).

On June 25, 2007, Plaintiff filed her Emergency Motion for Protective Order and Motion for Sanctions. Before she filed that Motion, Plaintiff did not consult with Hospitality Ventures regarding the issues raised therein.

### III. ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review

Plaintiff did not identify the statutory or other legal basis for her Motion. In fact, Plaintiff did not identify any legal authority in support of her arguments. Nonetheless, District Courts have broad discretion to control discovery, rule upon discovery motions, and impose sanctions on litigants. Harris v. Chapman, 97 F.3d 499, 506(11th Cir. 1996); Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).

1695002

**B.    Scope of Discovery Until July 27, 2007**

By serving discovery requests seeking documents related to all aspects of the case two (2) weeks after the Court's Order on May 24, 2007, Plaintiff demonstrated that she believed that the Court's Order only set a deadline for completing the certain limited discovery she requested in order to respond to the Motion for Partial Summary Judgment, and did not limit the scope of discovery. This is entirely consistent with Plaintiff's June 7, 2007, discovery responses where she did not object to any request based on the Court's May 24, 2007, Order.  Notably, Plaintiff did not assert that the scope of discovery was limited until after:  1) She sought discovery from Hospitality Ventures about all aspects of the case; and 2) Hospitality Ventures sought discovery that she opposed.  More than one (1) week after Plaintiff served her First Request for Production, Hospitality Ventures followed her lead and served its subpoenas.  Thus, if the subpoenas exceeded the scope of discovery until July 27, 2007, this was both inadvertent and excusable.  In light of Plaintiff's conduct, Hospitality Ventures should not be sanctioned.

Following Plaintiff's conduct, Hospitality Ventures maintains that the Court's May 24, 2007, Order placed deadlines for completing the limited discovery Plaintiff requested in order to respond to Hospitality Ventures' Motion for Partial Summary Judgment, and did not limit the scope of discovery.  Hospitality

Ventures assumed this is what the Court intended because its Motion for Partial Summary Judgment would not dispose of all claims in the case and the Court did not indicate that its April 12 Order was superseded. Thus, the Court should Order that the parties can conduct discovery on all aspects of the case now. If the Court Orders that until July 27, 2007, the parties may conduct discovery only about the issue of jurisdiction under the FMLA, Hospitality Ventures requests that such an Order apply to all aspects of discovery. Thus, Hospitality Ventures respectfully requests that such an Order also should:

- Require that Hospitality Ventures not respond to Requests 1-4, 6-12, 14, and 16-22 in Plaintiff's First Request for Production, which do not pertain to FMLA jurisdictional issues; and

- Require that if Mr. Miller's deposition transpires on or before July 27, 2007, that deposition be conducted either in Atlanta, Georgia, or by telephone.

Before Plaintiff filed her Motion, Hospitality Ventures asked her whether she maintained that until July 27, 2007, the scope of discovery was restricted. (Exhibit K). Plaintiff never responded. If she had, the parties might have been able to resolve this issue without involving the Court. The Court should sanction Plaintiff for filing: 1) her Motion without consulting with Hospitality Ventures; 2) a frivolous motion because she served discovery requests related to all aspects of the case after the Court's May 24, 2007, Order; and 3) discovery that violates the Court's Order,

if it is determined the Court's Order limited the scope of discovery to jurisdictional issues only.

**C.    Subpoenas Seek Relevant and Discoverable Information**

> **1.    Plaintiff's Child Care Arrangements and her Child's Health Condition Are Relevant and Discoverable**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence" Fed. R. Civ. P. 26(b)(1).  The federal discovery rules "are to be accorded a broad and liberal treatment."  Hickman v. Taylor, 329 U.S. 495, 507 (1947).  The goal of these liberal discovery rules is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).

Plaintiff placed her child care arrangements and her child's health at issue by sending e-mails stating those factors affected her ability to return to work.  (Exhibits D and E).  Notably, the subpoenas that Hospitality Ventures served and proposes to serve seek this information only for Tanner Watts – the only child that it presently understands was at issue at that time.  (Exhibits L, M, and N).  To the extent Plaintiff has any confidentiality concerns about the information that Hospitality Ventures might obtain from the subpoenas, such concerns are resolved by the

1695002

confidentiality order that Hospitality Ventures proposed. (Exhibit O). Accordingly, the Court should deny Plaintiff's Motion and hold that Hospitality Ventures may obtain discovery about:

- A certified copy of any and all documents that reference, concern or relate to any medical treatment or health care provided to or received by Tanner Watts for the period from August 10, 2005, to February 28, 2006. (Exhibit N); and

- The child care records for Tanner Watts: "Any and all documents, reports, records and information that references, concerns, or relates to Tanner Watts and/or Heather Watts, including, but not limited to, applications, bills, payments, registration forms, contracts, and/or deposits." (Exhibits L and M).

### IV.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Emergency Motion for Protective Order and Motion for Sanctions. In addition, the Court should sanction Plaintiff for: 1) failing to consult with opposing counsel before filing her Motion; and 2) filing a frivolous Motion.

12

1695002

This 28th day of June, 2007.

Respectfully submitted,

Jeffrey A. Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone:  (205) 254-1987
Fax:  (205) 254-1999

 s/ Daniel S. Fellner_____
R. Jason D'Cruz
Admitted Pro Hac Vice
Daniel S. Fellner
Admitted Pro Hac Vice
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone:  (404) 233-7000
Fax:  (404) 365-9532

Attorneys for Hospitality Ventures,
LLC

1695002

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HEATHER WATTS,                    )
                                  )
          Plaintiff,              )
                                  )
     vs.                          ) Case No.: 2:06CV1149-MEF
                                  )
HOSPITALITY VENTURES, LLC,        )
                                  )
          Defendant.              )
                                  )

**CERTIFICATE OF SERVICE**

I certify that this day I electronically filed the foregoing OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER AND MOTION FOR SANCTIONS AND CROSS-MOTION FOR SANCTIONS with the Clerk of the Court using the CM/ECF system, which will notify the following of such filing:

> Priscilla Black Duncan
> P.B. Duncan & Associates
> 472 S. Lawrence, Suite 204
> Montgomery, AL  36104
> helzphar@mindspring.com
>
> Alicia K. Haynes
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, Alabama 35226
> akhaynes@haynes-haynes.com

This 28th day of June, 2007.


                         s/ Daniel S. Fellner
                  Attorney for Hospitality Ventures, LLC


14                                                          1695002

# EXHIBIT A

AFFIDAVIT OF ROGER MILLER

STATE OF GEORGIA    )
                      )
COUNTY OF FULTON    )

Personally appeared before the undersigned officer duly authorized by law to administer oaths, Roger Miller, who after first being duly sworn states, on oath:

I understand that this Affidavit will be submitted in the civil action styled, Heather Watts v. Hospitality Ventures, LLC, Civil Action No. 2:06CV1149-MEF, pending in the United States District Court for the Middle District of Alabama.

I am over twenty-one (21) years of age and am competent to testify to the matters contained herein. This Affidavit is based upon my personal knowledge.

1. I am employed by Hospitality Ventures Management, Inc. I have overseen the sales and marketing functions at the Fairfield Inn by Marriott, located at 5601 Carmichael Road, Montgomery, Alabama, 36117 (the "Hotel").

2. From June 24, 2004, through November 9, 2005, Heather Watts worked at the Hotel or was assigned work from the Hotel.

3. Montgomery Ventures, LLC owns and operates the Hotel. Hospitality Ventures, LLC does not own or operate the Hotel.

1630766

FURTHER AFFIANT SAYETH NOT.

_Roger A Miller_
Roger Miller

Signed and sworn before me this 23rd day of March, 2007.

_Carol A Twardoch_
Notary Public

My commission expires: 5-4-2008

(NOTARY SEAL)

CAROL A. TWARDOCH
NOTARY
PUBLIC
COBB COUNTY, GA
My Commission Expires
May 04, 2008

1630766

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHEAST DIVISION

| | | |
|---|---|---|
| HEATHER WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | 2:06-cv-1149-MEF |
| HOSPITALITY VENTURES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS

PLEASE TAKE NOTICE that Plaintiff, Heather Watts, by and through her undersigned attorney, hereby requests that Defendant produce and permit counsel for Plaintiff an opportunity to inspect and copy the following requested documents, in accordance with Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, at the offices of Plaintiff's counsel, Alicia K. Haynes, Haynes & Haynes, P.C., 1600 Woodmere Drive, Birmingham, Alabama 35226, or at such other place as the parties mutually agree, within thirty (30) days of service of this request.

## INSTRUCTIONS AND DEFINITIONS

In producing the requested documents, please furnish all documents available to Defendant, including documents in the possession of its attorneys, any investigators and any and all persons acting on Defendant's behalf.

The following document requests are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional documents as Defendant or any persons acting on its behalf may hereafter obtain that relate to any of the requests for production contained herein. Such supplementary responses are to be served upon counsel for Plaintiff within twenty (20) days after Defendant or its agents know, or should know, of such information.

In producing the documents identified herein, the following definitions shall apply:

(a)     "Document" includes, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different from original) of all written, printed, typewritten, or otherwise, recorded or graphic matter, however produced or reproduced, whether or not now in existence, of files, contracts, correspondence, telegrams, agreements, letters, administrative complaints, notes or sound recordings of any type of conversation, meeting or conference, minutes of directors' or committee meetings,

2

memoranda, inter-office communications, manuals, employee handbooks, forms, catalogues, brochures, graphs, charts, studies, analysis, reports, summaries and results of investigations and tests, statements, jottings, announcements, depositions, affidavits, photographs, tape recordings, video recordings, motion pictures, evaluations, reviews, counseling, commendations, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, audit reports and other statements, purchase orders, invoices, receipts, confirmations, computer-developed, stored or produced data, stenographers' and/or other notebooks, desk and/or other calendars, appointment books, newspaper and/or other advertisements or articles, blueprints, accounting work sheets, diaries or papers similar to any of the foregoing, however, entitled, denominated or described.

(b)     If any document requested to be produced was, but is no longer in Defendant's possession or control, or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and, if so, to whom; or (4) otherwise disposed of; and in each instance, explain the circumstances surrounding and authorization for such disposition and state the approximate date thereof.

(c)     "Termination" means any separation from employment, whether voluntary or involuntary, permanent or temporary, including, but not limited to,

3

discharge, layoff, resignation, leave of absence or mutually agreed upon separation, but excludes approved vacations, sick days or holidays.

(d)    Any and all descriptions or examples of documents provided hereinafter are illustrative only and do not limit the request to those particular documents or types of documents, as if it were explicitly noted that such request was "not limited to" the stated examples.

## DOCUMENTS TO BE PRODUCED

1.    Produce the complete personnel files of Heather Watts, Tami Dominguez, Tandi Mitchell, Todd Epplin, Jennifer Middleton, and the individual who replaced Heather Watts, including, but not limited to, resume', application for employment, all employment contracts, performance reviews, medical information, any and all payroll records, all records reflecting the total compensation, including, without limitation, salary, commissions, bonuses and benefits, etc. and any written notes or comments made on each applicant for their complete employment with Defendant, and a copy of the front and back covers of all personnel files.

2.    Please provide any and all log-in reports from Sales Pro for Fairfield Inn Montgomery from June 1, 2004, until November 10, 2005, for Heather Watts.

3.    Please provide any and all revenue reports for Fairfield Inn Montgomery and Hospitality Ventures from January 1, 2003, until December 31, 2006.

4

4.    Please provide any and all log-in reports from Sales Pro for Fairfield Inn Montgomery from September 1, 2005, until December 31, 2006, for Jennifer Middleton and Tami Dominguez.

5.    Produce the complete employee handbook and all personnel policies of Fairfield Inn Montgomery and Hospitality Ventures for the last five years, specifically including any policies regarding hiring, progressive discipline, termination, salary and benefits.

6.    Produce any and all EEOC charges or lawsuits filed against Defendant, or any of its subsidiaries in the last 5 years wherein any form of discrimination, harassment or unfair treatment, specifically, but not limited to, gender discrimination has been alleged, including, but not limited to, every complaint or charge filed internally with Defendant by any employee.

7.    Produce any and all e-mails between Roger Miller and Heather Watts for the last 5 years.

8.    Produce any and all e-mails between Roger Miller and Tami Dominguez that reference the Fairfield Inn and/or Heather Watts for the last 5 years.

9.    Produce a list of all hiring and firing decisions made by Tami Dominguez in the last five years including the individual's name that was hired or fired, and the race, age and gender of the individual and if either replaced the

5

terminated employee or whom this employee replaced, including the gender of each individual.

10.     Produce Roger Miller's business travel itinerary from June 1, 2005, until December 2005.

11.     Produce the sales agreements and/or contracts of employment between Hospitality Ventures and Heather Watts, Todd Epplin and Tami Dominguez for the last five years.

12.     Produce the franchise agreement between Marriott and Hospitality Ventures and Hospitality Ventures and any other entity for the last five years.

13.     Produce an organizational chart of Hospitality Ventures for the last five years.

14.     Produce the marketing plan created and proposed by Heather Watts provided to Robert Cole for the Fairfield Inn including marketing analyses, research, revenue types and hotel inspection for the last two years.

15.     Produce a complete list of all current employees of Hospitality Ventures, including a list of all new hires and firings from the date of Plaintiff's termination to current.

16.    Produce all financial documents which depict the Fairfield Inn's sales prior to the hire of Heather Watts and the subsequent documents which depict any increase generated by Watts.

17.    Produce any and all complaints and documents concerning the Plaintiff or her employment or performance during the time of her employment, including any and all documentation concerning complaints, discipline or issues with job performance of any other manager employed by the Fairfield Inn Montgomery and/or Hospitality Ventures for the entire term of her employment.

18.    Produce all documents, including electronic records or mail, authored or received by anyone in Plaintiff's chain of command and/or the company's EEO office concerning Plaintiff's complaint of unfair and discriminatory treatment.

19.    Produce all electronic mail messages authored or received by the Plaintiff's supervisors concerning the hiring, employment or performance of the Plaintiff, including, but not limited to, any and all messages concerning Plaintiff's or any other manager's complaints of discriminatory treatment for the term of Plaintiff's employment.

20.    Produce the Quality Analysis Reports from Marriott for the Fairfield Inn sent to Hospitality Ventures from January 1, 2003, to current.

7

21.    Produce the Weekly Guest Satisfaction Reports from Marriott for the

Fairfield Inn sent to Hospitality Ventures from January 1, 2003, to current.

22.    Produce a copy of any and all written criteria for bonuses for employees

of Hospitality Ventures and/or Fairfield Inn.

Respectfully submitted,

Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com
ASB-8327-E23A

8

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing has been served upon the following, by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid on this the _____7th_____ day of _____June_____, 2007.

Daniel S. Fellner
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

Jeffrey Allen Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

R. Jason D'cruz
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

_____
OF COUNSEL

9

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HEATHER WATTS,                          )
                                        )
          Plaintiff,                    )
                                        )
vs.                                     )  Case No.: 2:06CV1149-MEF
                                        )
HOSPITALITY VENTURES, LLC,              )
                                        )
          Defendant.                    )
                                        )

## NOTICE OF DEPOSITION OF HEATHER WATTS

NOW COMES Hospitality Ventures, LLC and, pursuant to Federal Rule of Civil Procedure 30, serves this Notice of Deposition of Plaintiff Heather Watts. This deposition will take place at the offices of Maynard, Cooper & Gale, P.C., 100 North Union Street, Suite 650, Montgomery, Alabama 36104, on July 19, 2007 at 9:30 a.m. The deposition will be taken for the purposes of discovery, cross-examination, use at trial and for all other purposes allowed by law. The deposition will be taken before a court reporter, notary public, videographer, or an officer duly authorized by law to take depositions, and will continue from day to day until completed.

This 14th day of June 2007.

[SIGNATURE OF COUNSEL ON NEXT PAGE]

1630864

Respectfully submitted,


Jeffrey A. Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone:  (205) 254-1987
Fax:  (205) 254-1999


  _s/ Daniel S. Fellner_____
R. Jason D'Cruz
Admitted Pro Hac Vice
Daniel S. Fellner
Admitted Pro Hac Vice
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone:  (404) 233-7000
Fax:  (404) 365-9532


Attorneys for Hospitality Ventures, LLC

1630864

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing "Notice of Deposition" upon all

parties to this matter by U.S. Mail and e-mail to:

Priscilla Black Duncan, Esq.          Alicia K. Haynes
P.B. Duncan & Associates, LLC.       Haynes & Haynes, P.C.
472 S. Lawrence, Suite 204            1600 Woodmere Drive
Montgomery, Alabama 36104            Birmingham, Alabama  35226
helzphar@mindspring.com              akhaynes@haynes-haynes.com

This 14th day of June, 2007.

_____s/ Daniel S. Fellner_____
Attorney for Hospitality Ventures, LLC

1630864

**Watts, HEATHER**

| | | | |
|---|---|---|---|
| **From:** | Watts, HEATHER | **Sent:** | Mon 8/29/2005 5:34 PM |
| **To:** | Miller, Roger | | |
| **Cc:** | | | |
| **Subject:** | Heater Maternity Leave | | |
| **Attachments:** | | | |

Roger,

I meant to tell you on the phone today that my 6 week follow-up doctor appt. is not until Sept. 27th. Hopefully all will go well and I will be released to return to work. If all goes well I will be back on Oct. 3rd or 10th. And if sooner if I can.

We just have one major issue and that is child care- we have been on a waiting list since January at 3 different schools. We have not been guaranteed a spot. So we are waiting on an opening. I may have to work with you on my return hours since I can only find a Mother's Day Out program for Tanner. There is a good one that has an opening 3 days a week (tues/wed/thurs) from 8 a.m. -2:30 p.m. And possible they will have an opening for Monday soon. The school is closed on Friday's.

We have had many struggles with Taylor in finding the right school. And Taylor's K-3 program does not have an opening in their nursery.

Good quality, dependable, licensed and affordable childcare is very limited in Montgomery. We are searching all our possible resources. I will keep you posted.

Heather G Watts
Director of Sales & Marketing
Fairfield Inn by Marriott
5601 Carmichael Road
Montgomery, Alabama 36117\
Hotel Phone & Fax: 334-270-0007
Cell Phone: 334-354-2619
Home Fax: 334-244-8077
www.marriott.com/mgmfi

EAGER TO ASSIST WITH CORPORATE, GROUP AND SPECIAL EVENTS!
CALL FOR GROUP DISCOUNT!!

Watts v. Hospitality
Int Discl/RFP  0097

This message was se: _____

## Watts, HEATHER

| | | | |
|---|---|---|---|
| **From:** | Watts, HEATHER | **Sent:** | Tue 9/27/2005 3:08 PM |
| **To:** | FFI, Montgomery GM | | |
| **Cc:** | Miller, Roger | | |
| **Subject:** | Heather Maternity Leave | | |
| **Attachments:** | | | |

Tammy,

After our discussion on Friday, there has been some change that I would like to request in my schedule.

Over the weekend Tanner become ill with "another " ear infection. He has now on his second round of antibiotics at being just 6 weeks old. They are scheduling him to see a specialist and recheck his hearing. *His doctor is requesting that I keep him out of daycare as long as possible.* With this being said, I would like to take my full maternity leave of 12 weeks that began on Aug. 10th. This would allow Tanner time to heal and increase his antibodies before going to daycare.

My *original plan* was to come back between 8-10 weeks-per my discussion with Roger. I will keep you posted weekly if I am able to come back sooner. I am still willing to do all I can at home as in the original plan with Todd and Roger. I can still do my 7+ hours a week: work on the marketing plan and continue to work directly with Tandi and maintain Sales Pro.   I will continue my communication with you, the front desk and Tandi as needed throughout the week.

I have asked Tandi if she was still able to work with our original plan and me return the first week of November. She stated that yes, she would get with you. Her agreement is good within one week of my notice of my return.

My intentions is to return to my job after my maternity leave as we discussed. Please feel free to call me and I will be happy to discuss further if needed.

Heather G Watts
Director of Sales & Marketing
Fairfield Inn by Marriott
5601 Carmichael Road
Montgomery, Alabama 36117\
Hotel Phone & Fax: 334-270-0007
Cell Phone: 334-354-2619
Home Fax: 334-244-8077
www.marriott.com/mgmfi

EAGER TO ASSIST WITH CORPORATE, GROUP AND SPECIAL EVENTS!
CALL FOR GROUP DISCOUNT!!

Watts v. Hospitality
Int Discl/RFP  0108

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HEATHER WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:06CV1149-MEF |
| | ) | |
| HOSPITALITY VENTURES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **FIRST INTERROGATORIES TO PLAINTIFF**

NOW COMES Hospitality Ventures, LLC and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves these First Interrogatories to Plaintiff Heather Watts ("Plaintiff", "You", or "Your").

## **INTERROGATORIES**

1.    Identify all documents and electronically stored information concerning any facts or issues relating to the controversies which are the subject of this action.

2.    From the period from June 1, 2004, to November 30, 2005, identify all facts, documents, and electronically stored information that reference, concern, or relate to who was Your employer.

3.    If You or anyone acting on Your behalf has obtained written or recorded statements in any form from any person regarding any facts referenced in, concerning, or related to the allegations in Your Complaint or Hospitality Ventures' Answer, then for each such statement identify: (i) the identity of the person from whom such statement was taken; (ii) the identity and employer of the person who took the statement; (iii) the form of the statement, whether written

statement, transcript, recording, or summary of oral statements; and (iv) the identity of the person having custody of this statement.

4.    For the period from January 1, 2000, to the present, for each of Your current and former employers, state: the employer's name, address, telephone number; the dates of such employment; Your job title; the nature of Your work or duties; the name of Your supervisor; and the reason for Your leaving. For purposes of this Interrogatory, the term "employer" shall mean any person or entity with whom You have or had a relationship, whether employment, consulting, or otherwise, where You provide, provided, or would provide services to such person or entity in return for any remuneration or the promise of remuneration.

5.    For the period from January 1, 2003, to the present, identify all remuneration You have received from any source.

6.    For the period from January 1, 2005, to the present, state the names, addresses, and telephone numbers of every person or entity to whom or to which You have applied for employment and describe all of Your efforts to obtain employment. For purposes of this Interrogatory, the term "employment" shall mean any arrangement, whether employment, consulting, or otherwise, where You provide, provided, or would provide services to any person or entity in return for any remuneration or the promise of remuneration.

7.    Identify by name, date, and court any other judicial proceedings to which You have been a party or a witness.

8.    If You have made or filed any charge of discrimination, state: (a) when the charge was filed, (b) the name and address of all parties involved in the charge, (c) the circumstances giving rise to the charge, (d) the ultimate disposition of the charge or if it is still pending, (e) whether You

filed a lawsuit based in whole or in part upon the allegations contained in the charge, and (f) the ultimate disposition of such lawsuit or if such lawsuit is still pending.

9.     For the period from August 11, 2005, to February 28, 2006, identify all health care providers for Tanner Watts, and for each such health care provider, identify the name, address, and telephone number for each such provider.

10.     For the period from January 1, 2005, through February 28, 2006, identify Your health care providers by providing the name, address, and telephone number for each such provider.

11.     Identify by name and title any and all "company officials" who "expressed concern over [Your] ability to obtain child care" as alleged in ¶ 13 of Your Complaint.

This 23 day of March 2007.

Respectfully submitted,

Jeffrey A. Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1987
Fax: (205) 254-1999

R. Jason D'Cruz
Admitted Pro Hac Vice
Daniel S. Fellner
Admitted Pro Hac Vice
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone: (404) 233-7000
Fax: (404) 365-9532

Attorneys for Hospitality Ventures, LLC

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HEATHER WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:06CV1149-MEF |
| | ) | |
| HOSPITALITY VENTURES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing "First Interrogatories to Plaintiff"

upon all parties to this matter by hand delivery to:

Priscilla Black Duncan, Esq.           Alicia K. Haynes
P.B. Duncan & Associates, LLC.         Haynes & Haynes, P.C.
472 S. Lawrence, Suite 204             1600 Woodmere Drive
Montgomery, Alabama 36104              Birmingham, Alabama  35226

This 23 day of March, 2007.

_____
Attorney for Hospitality Ventures, LLC

1615856

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

NOW COMES Hospitality Ventures, LLC and, pursuant to Rule 34 of the Federal Rules of Civil Procedure, serves this First Request for Production of Documents to Plaintiff Heather Watts ("Plaintiff," "You," or "Your"). Within the time allotted, Plaintiff is required to produce for inspection and copying at the offices of Maynard, Cooper & Gale, P.C., 201 Monroe Street, Suite 1650, The RSA Tower, Montgomery, Alabama 36104, the following documents, electronically stored information, and things (collectively referred to as "Documents"):

### REQUESTS

1.     All Documents that reference, concern, or relate to the controversies which are the subjects of this action.

2.     All Documents that reference, concern, or relate to whether Hospitality Ventures, LLC was Your employer.

3.     All Documents that that reference, concern, or relate to who employed you from June 1, 2004, to November 30, 2005.

4.     For the period from January 1, 2003, to the present, all Documents that reference, concern, or relate to Your pay stubs and all other payroll records received from any source.

5.    Your federal and state tax returns, including all schedules and/or attachments, for calendar years 2003, 2004, 2005, 2006, and 2007.

6.    All Documents that reference, concern, or relate to Your  leave of absence which began on August 11, 2005.

7.    All Documents that reference, concern, or relate to the work You continued to perform during your leave of absence as alleged in Paragraph 9 of Your Complaint.

8.    All Documents including, but not limited to, any diaries or e-mails, that reference, concern, or relate to Your employment with Hospitality Ventures, LLC;  Montgomery Ventures, LLC; and/or any related entity.

9.    All Documents You identified in response to Hospitality Ventures' First Interrogatories to Plaintiff.

10.    All Documents consulted, referred to, or used in any way in connection with the preparation of Your responses to Hospitality Ventures' First Interrogatories to Plaintiff.

11.    All Documents that reference, concern, or relate to the termination of Your employment with Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

12.    All Documents that reference, concern, or relate to the personnel handbook you claim to have received as alleged in Paragraph 4 of Your Complaint.

13.    All Documents that reference, concern, or relate to the charge of discrimination You filed with the EEOC concerning Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

14.    All Documents that reference, concern, or relate to Your claim for damages.

15.    All Documents that reference, concern, or relate to any agreement between You and Your attorneys pertaining to Your payment of attorneys' fees and costs for this action.

16.    For the period from January 1, 2005, to the present, all Documents that reference, concern, or relate to Your attempts or efforts to obtain employment. For purposes of this Request, the term "employment" shall mean any arrangement, whether employment, consulting, or otherwise, where You provide, provided, or would provide services to any person or entity in return for any remuneration or the promise of remuneration.

17.    For the period from August 11, 2005, to February 28, 2006, a certified copy of any and all Documents that reference, concern, or relate to any medical treatment or health care provided to or received by Tanner Watts.

18.    For the period from August 11, 2005, to February 28, 2006, a certified copy of any and all Documents that reference, concern, or relate to any medical treatment or health care provided to or received by You.

19.    For the period from January 1, 2005 to February 28, 2006, all Documents that reference, concern, or relate to Your child care arrangements and/or Your attempts to obtain child care including, but not limited to, applications, bills, payments, registrations forms, contracts, and/or deposits.

20.    All Documents that reference, concern, or relate to the alleged oral contract referred to in Paragraphs 23-25 of Your Complaint.

21.    All Documents You provided to or received from any employee or agent of Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

22.    All Documents You provided to or received from Hospitality Ventures, LLC; Montgomery Ventures LLC; and/or any related entity.

23.    All records of any conversation between You and any current or former employee or agent of Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

24.    All Documents provided to, reviewed by, or generated by any expert retained or consulted by You or Your counsel.

This 23 day of March, 2007.

Respectfully submitted,

Jeffrey A. Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1987
Fax: (205) 254-1999

R. Jason D'Cruz
Admitted Pro Hac Vice
Daniel S. Fellner
Admitted Pro Hac Vice
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone: (404) 233-7000
Fax: (404) 365-9532

Attorneys for Hospitality Ventures, LLC

1615933

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HEATHER WATTS,                          )
                                        )
          Plaintiff,                    )
                                        )
vs.                                     )   Case No.: 2:06CV1149-MEF
                                        )
HOSPITALITY VENTURES, LLC,              )
                                        )
          Defendant.                    )
                                        )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing  "First Request for Production of

Documents to Plaintiff" upon all parties to this matter by hand delivery to:

Priscilla Black Duncan, Esq.          Alicia K. Haynes
P.B. Duncan & Associates, LLC.        Haynes & Haynes, P.C.
472 S. Lawrence, Suite 204            1600 Woodmere Drive
Montgomery, Alabama 36104             Birmingham, Alabama  35226

This 23 day of March, 2007.

_____
Attorney for Hospitality Ventures, LLC

1615933

## HIPAA AUTHORIZATION FOR THE USE AND
## DISCLOSURE OF HEALTH INFORMATION

TO: _____

RE:    Release of Certified Copy of Medical Records for Heather G. Watts _____

Patient's Full Legal Name:    Heather G. Watts _____

Date of Birth: _____ June 21, 1972 _____ Social Security # __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 _____

Address: _____

Telephone: _____

☑  Pursuant to HIPAA Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. §§ 164.512 & 164.508, I hereby authorize you to use or disclose my protected health information, as described below. I further authorize the following individuals or organizations to receive such health information: Morris, Manning and Martin, LLP; and Maynard, Cooper & Gale, P.C. The purpose of the requested use or disclosure is: for the purposes of litigation and processing of a claim; or ☐ Other (please specify) _____. The information to be used or disclosed includes the following specified information:

___x___ Medical records during approximate time period from August 11, 2005 to February 28, 2006 (including information related to my identity, diagnosis, prognosis and/or treatment, which may include substance abuse, mental health, and/or HIV/AIDS information.)

___x___ Discharge Summary                    ___x___ Consultation Reports

___x___ ER Records                           ___x___ History and Physical

___x___ Nursing Notes                        ___x___ Progress Notes/Orders

___x___ Operative Report                     ___x___ Lab Reports

___x___ Pathology Report                     ___x___ Radiology Reports

___x___ Diagnostic Studies                   ___x___ Media Files

___x___ Office Notes/Visits                  ___x___ Billing Records

___x___ Medication(s)/Prescription(s)        ___x___ Records from other providers

___x___ Hospital Chart (Entire)              ___x___ Hospital Billing(s)

___x___ Psychiatric notes (subject to uncombined authorization)

_____ Other (specify _____

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV), behavioral or mental health services, and/or treatment for alcohol and/or drug abuse. I authorize the release of such information, with the following exceptions: _____none_____.

Federal and state laws protect the information disclosed pursuant to this Authorization. I understand that if the authorized recipient of the information is not a health care provider or health plan covered by federal privacy regulations, the information may be re-disclosed and no longer protected. However, the recipient may be prohibited from disclosing any substance abuse information under the federal confidentiality requirements for alcohol and drug abuse patient records and the Public Health Service Act. Such information may not be used to criminally investigate or prosecute any alcohol or drug patient.

This authorization will expire upon the occurrence of the following event or condition:

**On this Date** _____ or ☐ **Other event or condition**: _____.

If no event or condition is listed, it will expire in 120 days. I understand that I am waiving my right to privacy and this information may be disclosed by the recipient. I understand that I have the right to revoke this Authorization at any time, and in order to do so, I must present a written revocation to the Healthcare Provider. I understand that the revocation will not apply to information that already has been released in response to or in reliance upon this Authorization. I understand that I need not sign this Authorization in order to ensure health care treatment, payment, enrollment in my health plan, or eligibility benefits. I understand that if this authorization is sought by a covered entity I will be given a copy of this Authorization form, after signing it.

Signature of Patient/Authorized Representative (include relationship or nature of authority)

_____    (Date) _____

Heather Watts

## HIPAA AUTHORIZATION FOR THE USE AND
## DISCLOSURE OF HEALTH INFORMATION

TO: _____

RE:    __Release of Certified Copy of Medical Records for Tanner Watts_____

Patient's Full Legal Name: _____Tanner Watts_____

Date of Birth: __August 12, 2005_____    Medical Records # (or S.S.#) _____

Address: _____

Telephone: _____

☑ Pursuant to HIPAA Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. §§ 164.512 & 164.508, I hereby authorize you to use or disclose my protected health information, as described below. I further authorize the following individuals or organizations to receive such health information: Morris, Manning and Martin, LLP.; and Maynard, Cooper & Gale, P.C. The purpose of the requested use or disclosure is: for the purposes of litigation and processing of a claim; or ☐ Other (please specify) _____. The information to be used or disclosed includes the following specified information:

____x____ Medical records during approximate time period from August 11, 2005 to February 28, 2006 (including information related to my identity, diagnosis, prognosis and/or treatment, which may include substance abuse, mental health, and/or HIV/AIDS information.)

| | |
|---|---|
| ___x___ Discharge Summary | ___x___ Consultation Reports |
| ___x___ ER Records | ___x___ History and Physical |
| ___x___ Nursing Notes | ___x___ Progress Notes/Orders |
| ___x___ Operative Report | ___x___ Lab Reports |
| ___x___ Pathology Report | ___x___ Radiology Reports |
| ___x___ Diagnostic Studies | ___x___ Media Files |
| ___x___ Office Notes/Visits | ___x___ Billing Records |
| ___x___ Medication(s)/Prescription(s) | ___x___ Records from other providers |
| ___x___ Hospital Chart (Entire) | ___x___ Hospital Billing(s) |

___x___ Psychiatric notes (subject to uncombined authorization)

_____ Other (specify _____

1637814 v02

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV), behavioral or mental health services, and/or treatment for alcohol and/or drug abuse. I authorize the release of such information, with the following exceptions: _____ none _____.

Federal and state laws protect the information disclosed pursuant to this Authorization. I understand that if the authorized recipient of the information is not a health care provider or health plan covered by federal privacy regulations, the information may be re-disclosed and no longer protected. However, the recipient may be prohibited from disclosing any substance abuse information under the federal confidentiality requirements for alcohol and drug abuse patient records and the Public Health Service Act. Such information may not be used to criminally investigate or prosecute any alcohol or drug patient.

This authorization will expire upon the occurrence of the following event or condition:

**On this Date** _____ or ☐ **Other event or condition:** _____.
If no event or condition is listed, it will expire in 120 days. I understand that I am waiving my right to privacy and this information may be disclosed by the recipient. I understand that I have the right to revoke this Authorization at any time, and in order to do so, I must present a written revocation to the Healthcare Provider. I understand that the revocation will not apply to information that already has been released in response to or in reliance upon this Authorization. I understand that I need not sign this Authorization in order to ensure health care treatment, payment, enrollment in my health plan, or eligibility benefits. I understand that if this authorization is sought by a covered entity I will be given a copy of this Authorization form, after signing it.


Signature of Patient/Authorized Representative (include relationship or nature of authority)


_____          (Date) _____
Heather Watts as Parent of Tanner Watts

# EXHIBIT H

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHEAST DIVISION

| | | |
|---|---|---|
| **HEATHER WATTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:06-cv-1149-MEF** |
| **HOSPITALITY VENTURES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

COMES NOW, the plaintiff, Heather Watts, and hereby objects and/or responds to Defendant's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Plaintiff objects to each and every Interrogatory on each of the following grounds:

1.    Plaintiff's objections to Defendant's First Interrogatories to Plaintiff are made without waiver of, or prejudice to, any additional objections Plaintiff may make.

2.    All objections are hereby expressly preserved, as is the right to move for a protective order.

3.    Plaintiff reserves all objections as to admissibility at trial of any information provided.

4.    Plaintiff objects to each and every Interrogatory to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Defendant has made no showing that it has substantial need for the materials in the preparation of its case and that it is without undo hardship to obtain the substantial equivalent of materials by other means. Plaintiff further objects to each and every Interrogatory to the extent that the information called for, if any, is privileged and is not discoverable under Rule 26(b)(3), Federal Rules of Civil Procedure.

5.    Plaintiff objects to each and every Interrogatory to the extent that the information called for, if any, is protected from discovery by the attorney-client privilege.

6.    Plaintiff reserves the right to supplement its responses to Defendant's First Interrogatories to Plaintiff upon completion of discovery.

## INTERROGATORIES

1.    Identify all documents and electronically stored information concerning any facts or issues relating to the controversies which are the subject of this action.

**ANSWER:** See documents produced responsive to Defendant's First Request for Production of Documents to Plaintiff, Bates Nos. 0001-0224.

2.    From the period from June 1, 2004, to November 20, 2005, identify all facts, documents, and electronically stored information that reference, concern, or relate to who was Your employer.

2

**ANSWER:** See documents produced responsive to Defendant's First Request for Production of Documents to Plaintiff, Bates Nos. 0001-0204.

3.    If You or anyone acting on Your behalf has obtained written or recorded statements in any form from any person regarding any facts referenced in, concerning, or related to the allegations in Your Complaint or Hospitality Ventures' Answer, then for each such statement identify:  (i) the identity of the person from whom such statement was taken; (ii) the identity and employer of the person who took the statement; (iii) the form of the statement, whether written statement, transcript, recording, or summary of oral statements; and (iv) the identity of the person having custody of this statement.

**ANSWER:** Plaintiff has no statements at this time nor is she aware that any statements exist.

4.    For the period from January 1, 2000, to the present, for each of Your current and former employers, state:  the employer's name, address, telephone number; the dates of such employment; Your job title; the nature of Your work or duties; the name of Your supervisor; and the reason for Your leaving.  For purposes of this Interrogatory, the term "employer" shall mean any person or entity with whom You have or had a relationship, whether employment, consulting, or otherwise, where You provide, provided, or would provide services to such person or entity in return for any remuneration or the promise of remuneration.

3

**ANSWER:**

| Employer, Supervisor, Address and Phone Number | Dates Employed | Job Title and Nature of Work | Reason for Leaving |
|---|---|---|---|
| Preschool Taylor Road Baptist Church 1685 Taylor Road Montgomery, AL 36117 **Supervisor:** Belinda Hepburn and Pam Sloan | Oct. 2006 - April 2007 | Resource Teacher | started own business |
| Aspect Foundation 508 Hwy 110 N. Suite G Whitehouse, TX 75791 **Supervisor:** Stacey Hanson | June 2006- current | International Coordinator - worked with placing students with host families | currently employed |
| Capture the Moment 6976 Eastern Shore Road Montgomery, AL 36117 | Sept. 2006- current | photographer and owner of company | currently employed |
| Affiliate Marketing Montgomery City Guide **Supervisor:** Jennifer Solt | April 2007 | Photographer/ Account Executive - Independent Contractor | currently employed |

5.    For the period from January 1, 2003, to the present, identify all remuneration You have received from any source.

**ANSWER:** Plaintiff will provide a damage computation pursuant to this court's scheduling order.

6.    For the period from January 1, 2005, to the present, state the names, addresses, and telephone numbers of every person or entity to whom or to which You have applied for employment and describe all of Your efforts to obtain employment. For purposes of this Interrogatory, the term "employment" shall mean any arrangement, whether employment, consulting, or otherwise, where You provide,

4

provided, or would provide services to any person or entity in return for any remuneration or the promise of remuneration.

**ANSWER:** See response to 4 above. Further, I have conducted internet employment searches on Al.com and monster.com. I have also searched the newspaper for employment.

7.    Identify by name, date, and court any other judicial proceedings to which You have been a party or a witness.

**ANSWER:** Plaintiff has not been a party nor a witness to any other lawsuit.

8.    If You have made or filed any charge of discrimination, state: (a) when the charge was filed, (b) the name and address of all parties involved in the charge, (c) the circumstances giving rise to the charge, (d) the ultimate disposition of the charge or if it is still pending, (e) whether You filed a lawsuit based in whole or in part upon the allegations contained in the charge, and (f) the ultimate disposition of such lawsuit or if such lawsuit is still pending.

**ANSWER:** Plaintiff has only filed one charge of discrimination which is the basis of this suit.

9.    For the period from August 11, 2005, to February 28, 2006, identify all health care providers for Tanner Watts, and for each such health care provider, identify the name, address, and telephone number for each such provider.

**ANSWER:** My child is not a party to this action and I do not want to produce my child's medical doctors nor records. I have been advised by my attorney that providing the names of my child's doctors will involve further discovery in the way of subpoenas to my child's doctor. As such, I am refusing to answer this interrogatory based on my child's privacy.

10.    For the period from January 1, 2005, through February 28, 2006, identify Your health care providers by providing the name, address, and telephone number for each such provider.

5

**ANSWER:**

Dr. Rebecca Miller
OBGYN Associates
495 Taylor Road
Montgomery, AL 36117
334-279-9333

11.    Identify by name and title any and all "company officials" who "expressed concern over [Your] ability to obtain child care" as alleged in ¶ 13 of Your Complaint.

**ANSWER:** Other than Tammy Dominguez as identified in paragraph 13, I had conversations with Roger Miller, Vice President of Sales and Marketing.


[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

Heather Watts

STATE OF ALABAMA          )
COUNTY OF Jefferson       )

Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Heather Watts, who, under oath, states that the matters and things alleged in the foregoing are true and correct.

This the ___7th___ day of ___June___, 2007.

Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: June 19, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My commission expires. _____

As to objections:

Respectfully submitted,

Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com
ASB-8327-E23A

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing has been served upon the following, by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid on this the _____ day of _____, 2007.

Daniel S. Fellner
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

Jeffrey Allen Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

R. Jason D'cruz
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

OF COUNSEL

# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHEAST DIVISION

| | | |
|---|---|---|
| **HEATHER WATTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:06-cv-1149-MEF** |
| **HOSPITALITY VENTURES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST REQUEST FOR PRODUCTION

COMES NOW, the Plaintiff, Heather Watts, by and through her attorney, and hereby objects and responds to Defendant's First Request for Production as follows:

### GENERAL OBJECTIONS

Plaintiff objects to each and every discovery request on each of the following grounds:

1.    Plaintiff's objections to Defendant's First Request for Production of Documents are made without waiver of, or prejudice to, any additional objections Plaintiff may make.

2.    All objections are hereby expressly preserved, as is the right to move for a protective order.

3.    Plaintiff reserves all objections as to admissibility at trial of any information provided.

4.    Plaintiff objects to each and every Request to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Defendant has made no showing that it has substantial need for the materials in the preparation of his case and that it is without undo hardship, to obtain the substantial equivalent of materials by other means. Plaintiff further objects to each and every Request to the extent that the information called for, if any, is privileged and is not discoverable under Rule 26(b)(3), Federal Rules of Civil Procedure.

5.    Plaintiff objects to each and every Request to the extent that the information called for, if any, is protected from discovery by the attorney-client privilege.

6.    Plaintiff reserves the right to supplement its responses to Defendant's First Request for Production to Plaintiff upon completion of discovery.

## REQUESTS

1.    All Documents that reference, concern, or relate to the controversies which are the subjects of this action.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0001-0224.

2.    All Documents that reference, concern, or relate to whether Hospitality Ventures, LLC was Your employer.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0001-0047.  Additionally, see documents attached as 0085-0197.

3.    All Documents that reference, concern, or relate to who employed you from June 1, 2004, to November 30, 2005.

**RESPONSE:**    See response to Request 2 above.  Additionally, see documents attached as 0081-0084.

4.    For the period from January 1, 2003, to the present, all Documents that reference, concern, or relate to Your pay stubs and all other payroll records received from any source.

**RESPONSE:**    Plaintiff has no documents responsive to this request.

5.    Your federal and state tax returns, including all schedules and/or attachments, for calendar years 2003, 2004, 2005, 2006 and 2007.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0048-0080.

6.    All Documents that reference, concern, or relate to Your leave of absence which began on August 11, 2005.

**RESPONSE:**    Plaintiff has produced responsive documents attached 0081-0084.

3

7.     All Documents that reference, concern, or related to the work You continued to perform during your leave of absence as alleged in Paragraph 9 of Your Complaint.

**RESPONSE:**     Plaintiff has produced responsive documents attached as 0085-0129.

8.     All Documents including, but not limited to, any diaries or e-mails, that reference, concern, or relate to Your employment with Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**     See response to Request 7 above. Additionally, see documents attached as 0130-0169.

9.     All Documents You identified in response to Hospitality Ventures' First Interrogatories to Plaintiff.

**RESPONSE:**

10.     All Documents consulted, referred to, or used in any way in connection with the preparation of Your responses to Hospitality Ventures' First Interrogatories to Plaintiff.

**RESPONSE:**

11.     All Documents that reference, concern, or related to the termination of Your employment with Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**     Plaintiff has produced responsive documents attached as 0161-0169.

12.     All Documents that reference, concern, or relate to the personnel handbook you claim to have received as alleged in Paragraph 4 of Your Complaint.

**RESPONSE:**     Plaintiff has produced responsive documents attached as 0170-0197.

13.    All Documents that reference, concern, or relate to the charge of discrimination You filed with the EEOC concerning Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**    Plaintiff is in the process of obtaining a copy of her EEOC file and will supplement her responses upon receipt.

14.    All Documents that reference, concern, or related to Your claim for damages.

**RESPONSE:**    Plaintiff has produced responsive documents attached as 0198-0201.

15.    All Documents that reference, concern, or related to any agreement between You and Your attorneys pertaining to Your payment of attorneys' fees and costs for this action.

**RESPONSE:**    Plaintiff adopts each and every general objection as if set forth herein. Plaintiff objects to Request No. 15 as this request is protected from discovery by the attorney-client privilege and work product doctrine.

16.    For the period from January 1, 2005, to the present, all Documents that reference, concern, or related to Your attempts or efforts to obtain employment. For purposes of this Request, the term "employment" shall mean any arrangement, whether employment, consulting, or otherwise, where You provide, provided, or would provide services to any person or entity in return for any remuneration or the promise of remuneration.

**RESPONSE:**    Plaintiff has conducted internet employment searches on Al.com and monster.com. She has also searched the newspaper for employment.

17.    For the period from August 11, 2005, to February 28, 2006, a certified copy of any and all Documents that reference, concern, or related to any medical treatment or health care provided to or received by Tanner Watts.

**RESPONSE:**    Plaintiff's child is not a party to this action and Plaintiff does not wish to produce her child's medical records. Plaintiff has been advised by her

5

attorney that producing her child's medical records will involve further discovery in the way of subpoenas to her child's doctor. As such, Plaintiff is refusing to answer this Request based on her child's privacy.

18.     For the period of August 11, 2005, to February 28, 2006, a certified copy of any and all Documents that reference, concern, or related to any medical treatment or health care provided to or received by You.

**RESPONSE:**     Plaintiff is in the process of obtaining copies of her medical records and will supplement her responses upon receipt.

19.     For the period from January 1, 2005, to February 28, 2006, all Documents that reference, concern, or related to Your child care arrangements and/or Your attempts to obtain child care including, but not limited to, applications, bills, payments, registration forms, contracts, and/or deposits.

**RESPONSE:**     Plaintiff has produced responsive documents attached as 0198-0201.

20.     All Documents that reference, concern, or related to the alleged oral contract referred to in Paragraphs 23-25 of Your Complaint.

**RESPONSE:**     Plaintiff has no documents responsive to this request.

21.     All Documents You provided to or received from any employee or agent of Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**     See response to Request 1, 6, 7, 8 11, and 12 above. Additionally, see documents attached as 0205-0224.

22.     All Documents You provided to or received from Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or any related entity.

**RESPONSE:**     Plaintiff has no documents responsive to this request.

23.     All records of any conversation between You and any current or former employee or agent of Hospitality Ventures, LLC; Montgomery Ventures, LLC; and/or

any related entity.

**RESPONSE:**    Plaintiff has a cassette tape which she will duplicate and upon completion will supplement her responses upon receipt.

24.    All Documents provided to, reviewed by, or generated by any expert retained or consulted by You or Your counsel.

**RESPONSE:**    Plaintiff has no documents responsive to this request.

Respectfully submitted,

Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com
ASB-8327-E23A

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing has been served upon the following, by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid on this the _____ day of _____, 2007.

Daniel S. Fellner
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

Jeffrey Allen Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

R. Jason D'cruz
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

OF COUNSEL

8

# EXHIBIT J

# MORRIS, MANNING & MARTIN, LLP
ATTORNEYS AT LAW

June 12, 2007

**Daniel S. Fellner**
404-504-5476
dsf@mmmlaw.com
www.mmmlaw.com

## VIA FACSIMILE AND U.S. MAIL

Alicia K. Haynes, Esq.
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226

Re:    Heather Watts v. Hospitality Ventures, LLC
       U.S. District Court, Middle District of Alabama
       Case No. 2:06-CV-1149-MEF

Dear Alicia:

We received Plaintiff's Responses to Defendant's First Request for Production and Plaintiff's Answers to Defendant's Interrogatories. Those responses are deficient as follows:

Plaintiff Must Produce All Responsive Documents and Information

April 23, 2007, was the deadline for Plaintiff to timely serve responses to the First Request for Production and First Interrogatories. On June 7, 2007, Plaintiff served her responses to the First Request for Production and First Interrogatories. By failing to respond within the time allotted, Plaintiff waived any: 1) objections she may have had; and 2) right she may have had to refuse to produce the documents and information requested. Nonetheless, Plaintiff asserted objections, and refused to produce all requested documents and information. Plaintiff must withdraw her objections and produce all documents and information responsive to these discovery requests.

First Request for Production

Plaintiff's Responses also are deficient because:

- Plaintiff did not respond to Requests 9 and 10;

- Plaintiff refused to produce the documents requested in Request 15, claiming that her agreement with her attorneys pertaining to the payment of attorneys' fees and costs is "protected from discovery by the attorney-client privilege and work product doctrine." The attorney-client privilege and work product doctrine do not protect from disclosure Plaintiff's agreement with her counsel pertaining to the payment of her attorneys' fees and costs;

- Plaintiff did not produce any documents in response to Request 16;

1684666

Alicia Haynes, Esq.
June 12, 2007
Page 2

- Plaintiff refused to produce the documents requested in Request 17 "based on her child's privacy." This is not a valid basis for refusing to produce the requested documents;

- Plaintiff has not yet produced all documents requested in Request 18; and

- Plaintiff has not yet produced a copy of the cassette tape she identified in response to Request 23. Defendants request that an independent third party professional copy the cassette tape, such as Holt Audio/Visual in Birmingham ((205) 328-5231), or Audio Visual Resources in Montgomery ((334) 834-9238) or ((334) 462-9270).

Interrogatories

Plaintiff's Answers also are deficient because:

- In response to Interrogatory 4, Plaintiff failed to identify all of her current and former employers since January 1, 2000, and provide all requested information about those employers;

- In response to Interrogatory 5, Plaintiff stated only that she will "provide a damage computation pursuant to this [C]ourt's scheduling order." This is not responsive;

- In response to Interrogatory 6, Plaintiff failed to provide all of the information requested about all of the persons or entities to whom or to which she applied for employment since January 1, 2005; and

- In response to Interrogatory 9, Plaintiff refused to provide the information requested "based on my child's privacy." This is not a valid basis for refusing to produce the requested information.

By the close of business on Monday, June 18, 2007, please provide us with Plaintiff's amended responses and all responsive documents and information. If we do not receive Plaintiff's amended responses and all responsive documents and information by that time, we will ask the Court to compel Plaintiff to comply with her discovery obligations, and for an award of attorneys' fees and costs.

Please call if you have any questions.

Yours truly,

Daniel S. Fellner

cc:    Priscilla Black Duncan, Esq.

1684666

# EXHIBIT K

| From: | Daniel S. Fellner |
|---|---|
| Sent: | Monday, June 18, 2007 3:39 PM |
| To: | 'Alicia Haynes'; 'Jeff Lee' |
| Cc: | helzphar@mindspring.com; Jenny Connell |
| Subject: | RE: Watts v. Hospitality |
| Attachments: | Green Gate Subpoena 2.pdf; Ltr to Haynes re Discovery Deficiencies - June 12.pdf; Fax106.TIF; Taylor Road Baptist Subpoena2.pdf |

Ms. Haynes,

On Friday, June 15, subpoenas were personally served upon the Green Gate School and Taylor Road Baptist Church. Attached are additional copies in case you did not receive both of them. Also on Friday, June 15, we served by mail copies of both of those subpoenas on Plaintiff's counsel (both you and Ms. Duncan). Accordingly, Plaintiff received proper notice of those subpoenas.

The third sentence in your e-mail misrepresents the facts. Green Gate School called me this morning and left a voicemail for me. I called them back. During that call, they asked for clarification about the subpoena, and volunteered to fax to me the responsive documents. Those documents are attached. I never demanded immediate production of responsive documents.

Does Plaintiff maintain that until July 27, 2007, discovery may not proceed on any issue other than whether Ms. Watts was an "eligible employee" and Hospitality Ventures was an "employer" under the Family and Medical Leave Act?

Also, as I explained in my letter last week, Plaintiff's discovery responses are deficient. In case you did not receive it earlier, another copy of that letter is attached. Today is the deadline for Plaintiff to correct those deficiencies, and we have not heard from Plaintiff yet. Has Plaintiff sent us a copy of the tape? Has Plaintiff corrected the other deficiencies?

Please call if you have any questions.

Dan Fellner
Employment Law Group
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
p: (404) 504-5476
f: (404) 365-9532

For information on Morris, Manning & Martin, LLP, please visit our Web site at http://www.mmmlaw.com. This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Alicia Haynes [mailto:akhaynes@haynes-haynes.com]
**Sent:** Monday, June 18, 2007 2:34 PM
**To:** Daniel S. Fellner; 'Jeff Lee'
**Cc:** helzphar@mindspring.com; Jenny Connell
**Subject:** Watts v. Hospitality

Gentlemen,

My client has been called by her child's day care that they are in receipt of a subpoena for the three year old child's school records that was served by sheriff on June 15.   My copy of this subpoena was not mailed until the 15th and not received by me until today's mail on June 18th.  Mr. Fellner, I understand you further placed a call to the day care administrator wanting the immediate production of these records faxed to you.   Please tell me why you have issued this subpoena without proper notice to me and further why you would need such records for this litigation in light of the court's limited order on discovery.

You have until the close of business today to provide a reasonable explanation, if one exists.  If none is provided I will move the court for a protective order and sanctions at the close of business today.  If there are other subpoenas that you have issued or mailed and not provided service copies to me please let me know, also by the close of business today, by serving copies electronically.

Alicia

*Alicia K. Haynes*

Alicia K. Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
Web:  www.haynes-haynes.com

PLEASE NOTE:

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# MORRIS, MANNING & MARTIN, LLP

June 12, 2007

Daniel S. Fellner
404-504-5476
dsf@mmmlaw.com
www.mmmlaw.com

## VIA FACSIMILE AND U.S. MAIL

Alicia K. Haynes, Esq.
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226

Re:    Heather Watts v. Hospitality Ventures, LLC
       U.S. District Court, Middle District of Alabama
       Case No. 2:06-CV-1149-MEF

Dear Alicia:

We received Plaintiff's Responses to Defendant's First Request for Production and Plaintiff's Answers to Defendant's Interrogatories. Those responses are deficient as follows:

### Plaintiff Must Produce All Responsive Documents and Information

April 23, 2007, was the deadline for Plaintiff to timely serve responses to the First Request for Production and First Interrogatories. On June 7, 2007, Plaintiff served her responses to the First Request for Production and First Interrogatories. By failing to respond within the time allotted, Plaintiff waived any: 1) objections she may have had; and 2) right she may have had to refuse to produce the documents and information requested. Nonetheless, Plaintiff asserted objections, and refused to produce all requested documents and information. Plaintiff must withdraw her objections and produce all documents and information responsive to these discovery requests.

### First Request for Production

Plaintiff's Responses also are deficient because:

- Plaintiff did not respond to Requests 9 and 10;

- Plaintiff refused to produce the documents requested in Request 15, claiming that her agreement with her attorneys pertaining to the payment of attorneys' fees and costs is "protected from discovery by the attorney-client privilege and work product doctrine." The attorney-client privilege and work product doctrine do not protect from disclosure Plaintiff's agreement with her counsel pertaining to the payment of her attorneys' fees and costs;

- Plaintiff did not produce any documents in response to Request 16;

Alicia Haynes, Esq.
June 12, 2007
Page 2

- Plaintiff refused to produce the documents requested in Request 17 "based on her child's privacy." This is not a valid basis for refusing to produce the requested documents;

- Plaintiff has not yet produced all documents requested in Request 18; and

- Plaintiff has not yet produced a copy of the cassette tape she identified in response to Request 23. Defendants request that an independent third party professional copy the cassette tape, such as Holt Audio/Visual in Birmingham ((205) 328-5231), or Audio Visual Resources in Montgomery ((334) 834-9238) or ((334) 462-9270).

Interrogatories

Plaintiff's Answers also are deficient because:

- In response to Interrogatory 4, Plaintiff failed to identify all of her current and former employers since January 1, 2000, and provide all requested information about those employers;

- In response to Interrogatory 5, Plaintiff stated only that she will "provide a damage computation pursuant to this [C]ourt's scheduling order." This is not responsive;

- In response to Interrogatory 6, Plaintiff failed to provide all of the information requested about all of the persons or entities to whom or to which she applied for employment since January 1, 2005; and

- In response to Interrogatory 9, Plaintiff refused to provide the information requested "based on my child's privacy." This is not a valid basis for refusing to produce the requested information.

By the close of business on Monday, June 18, 2007, please provide us with Plaintiff's amended responses and all responsive documents and information. If we do not receive Plaintiff's amended responses and all responsive documents and information by that time, we will ask the Court to compel Plaintiff to comply with her discovery obligations, and for an award of attorneys' fees and costs.

Please call if you have any questions.

Yours truly,

Daniel S. Fellner

cc:    Priscilla Black Duncan, Esq.



*Sorry can't fax wrong cvr* [handwritten]

**Morris, Manning & Martin, LLP**
**3343 Peachtree Road NE**
**Suite 1600**
**Atlanta, Georgia 30326**
**Phone: (404) 233 -7000 Fax: (404) 365 – 9582**

## FAX INQUIRY NOTICE

### To Whom It May Concern:

*The following fax was received in our office. We have been unable to deliver the fax for the following reason (s). Please see the selections that are checked to correct the discrepancy.*

⇒ **No cover page**

⇒ **Illegible fax**

⇒ **Incomplete name**

⇒ **Recipient (s) not indicated**

*Atten: Fellner* [handwritten]

⇒ **Recipient indicated is not in this office**

⇒ **Number of pages received differs from the cover sheet amount**

⇒ **Only____ of____ pages was received, please resend missing pages**

*Please contact the fax department @ (404) 233-7000 ext. 4108 for any further questions or  instructions. Thanks!*

   



# GREEN GATE
## S C H O O L
3265 McGehee Road • Montgomery, Alabama 36111-2301 • 281-3300

# TUITION AND FEE AGREEMENT
*(PLEASE REFER TO SCHEDULE OF FEES FOR UPCOMING SCHOOL YEAR)*

**FAMILY INFORMATION (PLEASE PRINT)**

PARENT OR GUARDIAN'S NAME   Mickey & Heather Watts

PHONE (H) (334) 244-8077    (W) 286-6914 / 357-4125 (direct lines)

ADDRESS   6976 Eastern Shore Road   Montgomery, Al
                                                                    36117

**STUDENT INFORMATION**

|   | NAME | BIRTHDATE | CLASS/GRADE 20__-20__ |
|---|------|-----------|------------------------|
| 1. | Taylor Morgan Watts | 12-28-01 | |
| 2. | | | |
| 3. | | | |

**FEE INFORMATION**

REGISTRATION    CASH    CHECK # 1186  150⁰⁰    DATE 6-9-04

BOOK AND TESTING FEES WILL BE BILLED IN THE MONTH OF JULY PRECEDING SCHOOL YEAR.

_____ I ACCEPT WITHDRAWAL INSURANCE (COST $200 YEARLY) _____ (initials)

__X__ I DO NOT ACCEPT WITHDRAWAL INSURANCE. _HW_ (initials)

**TUITION INFORMATION FOR 20_____ - 20_____ SCHOOL YEAR**

_____ One Payment  DUE AUGUST

_____ Two Payments  DUE AUGUST and JANUARY

_____ 9-1/2 Monthly Payments  DUE THE FIRST OF EACH MONTH BEGINNING AUGUST

_____ 12 Monthly Payments  DUE THE FIRST OF EACH MONTH BEGINNING AUGUST

__X__ 18 Bi-monthly Payments  DUE THE FIRST AND 15TH OF EACH MONTH BEGINNING AUGUST

THIS CONTRACT IS FOR THE 20_____ - 20_____ NINE MONTH SCHOOL YEAR. SHOULD YOU NEED TO WITH-
DRAW YOUR CHILD FOR MEDICAL REASONS OR A TRANSFER OUT OF TOWN, WE WILL BE HAPPY TO AC-
CEPT A THIRTY (30) DAY WRITTEN NOTICE. OTHERWISE, YOU ARE RESPONSIBLE FOR THE BALANCE OF
THE SCHOOL YEAR'S TUITION.

WE AGREE AS A CONDITION OF ENROLLMENT IN THIS SCHOOL TO PAY THE TUITION AND FEES SHOWN
ABOVE. WE UNDERSTAND THESE FEES ARE DUE IN ORDER FOR OUR CHILD(REN) TO REMAIN IN THE
SCHOOL. WE UNDERSTAND IN THE EVENT MY/OUR ACCOUNT WITH GREEN GATE SCHOOLS OF ALABAMA
SHOULD FALL INTO ARREARS, WE WILL BE RESPONSIBLE FOR ALL DEBTS, LATE CHARGES, COLLECTION
COSTS, COURT FEES, ATTORNEY FEES, ETC. INCURRED IN THE COLLECTIONS OF THE PAST DUE ACCOUNT

_____          6/8/04
PARENT OR GUARDIAN SIGNATURE          DATE

_____          6/8/04
PARENT OR GUARDIAN SIGNATURE          DATE

# Green Gate School

3265 McGehee Road -- Montgomery, AL 36111 (334) 281-3300

## Customer Statement

June 18, 2007            01/01/2003 - 06/30/2007  Unfiltered            10:42 am

HEATHER WATTS or MICKEY WATTS
6976 EASTERN SHORE ROAD
Montgomery, AL 36117

| Post Date | Description | Comment | Charges | Credits | Balance |
|---|---|---|---|---|---|
| 6/ 9/2004 | REGISTRATION | 2004-2005 | 150.00 | 0.00 | 150.00 |
| 6/ 9/2004 | Payment by Check | #1186 | 0.00 | 150.00 | 0.00 |
| 6/ 9/2004 | SUMMER ALL DAY | JUNE 14-30 | 280.67 | 0.00 | 280.67 |
| 6/ 9/2004 | ICE CREAM | JUNE 17 & 24 | 2.00 | 0.00 | 282.67 |
| 6/16/2004 | Payment by Check | 1196 | 0.00 | 282.67 | 0.00 |
| 6/23/2004 | SUMMER ALL DAY | JULY | 475.00 | 0.00 | 475.00 |
| 6/23/2004 | ICE CREAM | JULY | 5.00 | 0.00 | 480.00 |
| 6/23/2004 | MISC . | MAGICIAN | 2.00 | 0.00 | 482.00 |
| 6/24/2004 | COT RENTAL | 2004-05 | 75.00 | 0.00 | 557.00 |
| 6/24/2004 | PRE S CURRICULUM FEE | 2004-05 | 150.00 | 0.00 | 707.00 |
| 6/25/2004 | Payment by Check | #1202 | 0.00 | 7.00 | 700.00 |
| 6/25/2004 | Payment by Check | #1201 cot fee | 0.00 | 75.00 | 625.00 |
| 7/ 8/2004 | Payment by Check | #1208 | 0.00 | 475.00 | 150.00 |
| 7/ 8/2004 | Payment by Check | #1209 | 0.00 | 150.00 | 0.00 |
| 7/27/2004 | SUMMER ALL DAY | AUG. 2-6 | 118.75 | 0.00 | 118.75 |
| 7/27/2004 | ICE CREAM | AUG. | 1.00 | 0.00 | 119.75 |
| 7/27/2004 | YOUNG PRE-S ALL DAY | AUG. SCHOOL YEAR | 412.50 | 0.00 | 532.25 |
| 8/ 3/2004 | Payment by Check | #1225 | 0.00 | 275.00 | 257.25 |
| 8/27/2004 | Payment by Check | #1236 | 0.00 | 257.25 | 0.00 |
| 8/27/2004 | MISC . | 2 Car tags | 4.00 | 0.00 | 4.00 |
| 8/27/2004 | Payment by Check | #1237 car tags | 0.00 | 4.00 | 0.00 |
| 8/27/2004 | YOUNG PRE-S ALL DAY | SEPT. | 550.00 | 0.00 | 550.00 |
| 9/ 9/2004 | Payment by Check | #1248 | 0.00 | 275.00 | 275.00 |
| 9/24/2004 | Payment by Check | #1253 | 0.00 | 275.00 | 0.00 |
| 9/27/2004 | YOUNG PRE-S ALL DAY | OCT. | 550.00 | 0.00 | 550.00 |
| 10/ 8/2004 | Payment by Check | #1266 | 0.00 | 275.00 | 275.00 |
| 10/26/2004 | Payment by Check | #1278 | 0.00 | 275.00 | 0.00 |
| 10/26/2004 | YOUNG PRE-S ALL DAY | NOV. | 550.00 | 0.00 | 550.00 |
| 11/10/2004 | Payment by Check | #1285 | 0.00 | 275.00 | 275.00 |
| 11/29/2004 | YOUNG PRE-S ALL DAY | DEC. | 550.00 | 0.00 | 825.00 |
| 12/ 1/2004 | Payment by Check | #1295 | 0.00 | 275.00 | 550.00 |
| 12/15/2004 | Payment by Check | #1305 | 0.00 | 275.00 | 275.00 |
| 12/16/2004 | Payment by Check | #1306 | 0.00 | 275.00 | 0.00 |
| 12/17/2004 | YOUNG PRE-S ALL DAY | JAN. | 550.00 | 0.00 | 550.00 |
| 1/14/2005 | Payment by Check | #1371 | 0.00 | 275.00 | 275.00 |
| 1/25/2005 | YOUNG PRE-S ALL DAY | FEB. | 550.00 | 0.00 | 825.00 |
| 1/28/2005 | Payment by Check | #1378 | 0.00 | 275.00 | 550.00 |

1

# Green Gate School

3265 McGehee Road -- Montgomery, AL 36111 (334) 281-3300

## Customer Statement

| June 18, 2007 | | 01/01/2003 - 06/30/2007 Unfiltered | | | 10:42 am |
|---|---|---|---|---|---|
| 2/10/2005 | MISC. | 6 Biscuits tkts | 36.00 | 0.00 | 586.00 |
| 2/10/2005 | Payment by Check | #1389 Biscuits tkts | 0.00 | 36.00 | 550.00 |
| 2/17/2005 | MISC. | 2 Biscuits tkts | 12.00 | 0.00 | 562.00 |
| 2/17/2005 | Payment by Check | #1397 tkts | 0.00 | 12.00 | 550.00 |
| 2/17/2005 | Payment by Check | #1396 | 0.00 | 275.00 | 275.00 |
| 2/24/2005 | YOUNG PRE-S ALL DAY | MARCH | 550.00 | 0.00 | 825.00 |
| 3/1/2005 | Payment by Check | #1408 | 0.00 | 275.00 | 550.00 |
| 3/14/2005 | Payment by Check | #1413 | 0.00 | 275.00 | 275.00 |
| 3/18/2005 | YOUNG PRE-S ALL DAY | April | 550.00 | 0.00 | 825.00 |
| 3/31/2005 | Payment by Check | #1423 | 0.00 | 275.00 | 550.00 |
| 4/13/2005 | Payment by Check | #1430 | 0.00 | 275.00 | 275.00 |
| 4/20/2005 | YOUNG PRE-S ALL DAY | MAY | 550.00 | 0.00 | 825.00 |
| 4/26/2005 | Payment by Check | 1323 | 0.00 | 275.00 | 550.00 |
| 5/2/2005 | YEARBOOK | | 15.00 | 0.00 | 565.00 |
| 5/2/2005 | Payment by Check | #1330 | 0.00 | 15.00 | 550.00 |
| 5/9/2005 | Payment by Check | #1333 | 0.00 | 275.00 | 275.00 |
| 5/23/2005 | Payment by Check | 1342 | 0.00 | 275.00 | 0.00 |
| | | | $6,688.92 | $6,688.92 | |

Your Balance is Current:        **$0.00**

2

# EXHIBIT L

☜AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | ALABAMA, NORTHERN DIVISION |
|---|---|---|

HEATHER WATTS,

V.

HOSPITALITY VENTURES, LLC,

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  2:06CV1149-MEF

TO:  Taylor Road Baptist
Attn: Custodian of Records
1685 Taylor Road
Montgomery, Alabama 36117

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents, reports, records and information that references, concerns, or relates to Tanner Watts and/or Heather Watts, including, but not limited to, applications, bills, payments, registrations forms, contracts, and/or deposits.

| PLACE | Maynard, Cooper & Gale, 100 North Union Street, Suite 650, Montgomery, Alabama 36104 (334) 262-2001 | DATE AND TIME 7/2/2007 9:30 am |
|---|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    ATTORNEY  FOR  DEFENDANT | DATE 6/14/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Daniel S. Fellner, 3343 Peachtree Road, N.E., Atlanta, Georgia 30326 (404) 233-7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF AUTHENTICATION OF RECORDS

THE UNDERSIGNED, certifies that the attached records are true, accurate and complete copies

of _____ files responsive to the SUBPOENA FOR PRODUCTIONS OF

DOCUMENTS, dated June 14, 2007, which were made and kept by _____.

This CERTIFICATE is given in lieu of the personal appearance of the person certifying, and in

connection with a lawsuit involving Heather Watts vs. Hospitality Ventures, LLC.

These records were kept in the normal course of business by _____, and it

was the regular business practice to maintain these particular records.

The records with this certificate were delivered to Dan Fellner, Esq., attorney for Defendant

Hospitality Ventures, LLC, who is the counsel who sought production of these records.


_____
Taylor Road Baptist Records Custodian

SWORN TO AND SUBSCRIBED
before me this _____ day of
_____, 2007.

_____

Notary Public
My Commission Expires: _____
(AFFIX NOTARIAL SEAL)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HEATHER WATTS,                          )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )   Case No.: 2:06CV1149-MEF
                                        )
HOSPITALITY VENTURES, LLC,              )
                                        )
            Defendant.                  )
                                        )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Subpoenas to Taylor Road Baptist

and Green Gate School" upon all parties to this matter by U.S. Mail to:

Priscilla Black Duncan, Esq.            Alicia K. Haynes
P.B. Duncan & Associates, LLC.          Haynes & Haynes, P.C.
472 S. Lawrence, Suite 204              1600 Woodmere Drive
Montgomery, Alabama 36104               Birmingham, Alabama  35226

This ____15____ day of June, 2007.

_____
Attorney for Hospitality Ventures, LLC

1630864

# EXHIBIT M

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE                    DISTRICT OF                ALABAMA, NORTHERN DIVISION

HEATHER WATTS,                              **SUBPOENA IN A CIVIL CASE**

V.

HOSPITALITY VENTURES, LLC,                 Case Number:[1]  2:06CV1149-MEF

TO: Green Gate School
    Attn: Custodian of Records
    3265 McGhee Road
    Montgomery, Alabama 36111

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents, reports, records and information that references, concerns, or relates to Tanner Watts and/or Heather Watts, including, but not limited to, applications, bills, payments, registrations forms, contracts, and/or deposits.

| PLACE | DATE AND TIME |
| --- | --- |
| Maynard, Cooper & Gale, 100 North Union Street, Suite 650, Montgomery, Alabama 36104 (334) 262-2001 | 7/2/2007 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| ATTORNEY FOR DEFENDANT | 6/14/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Daniel S. Fellner, 3343 Peachtree Road, N.E., Atlanta, Georgia 30326 (404) 233-7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF AUTHENTICATION OF RECORDS

THE UNDERSIGNED, certifies that the attached records are true, accurate and complete copies

of _____ files responsive to the SUBPOENA FOR PRODUCTIONS OF

DOCUMENTS, dated June 14, 2007, which were made and kept by _____.

This CERTIFICATE is given in lieu of the personal appearance of the person certifying, and in

connection with a lawsuit involving Heather Watts vs. Hospitality Ventures, LLC.

These records were kept in the normal course of business by _____, and it

was the regular business practice to maintain these particular records.

The records with this certificate were delivered to Dan Fellner, Esq., attorney for Defendant

Hospitality Ventures, LLC, who is the counsel who sought production of these records.


_____
Green Gate School Records Custodian

SWORN TO AND SUBSCRIBED
before me this _____ day of
_____, 2007.

_____

Notary Public
My Commission Expires: _____
(AFFIX NOTARIAL SEAL)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Subpoenas to Taylor Road Baptist

and Green Gate School" upon all parties to this matter by U.S. Mail to:


Priscilla Black Duncan, Esq.          Alicia K. Haynes
P.B. Duncan & Associates, LLC.        Haynes & Haynes, P.C.
472 S. Lawrence, Suite 204            1600 Woodmere Drive
Montgomery, Alabama 36104             Birmingham, Alabama 35226


This _____ day of June, 2007.

_____
Attorney for Hospitality Ventures, LLC

1630864

# EXHIBIT N

| **From:** | Daniel S. Fellner |
|---|---|
| **Sent:** | Wednesday, June 20, 2007 6:05 PM |
| **To:** | 'Alicia Haynes'; helzphar@mindspring.com |
| **Cc:** | 'Jeff Lee' |
| **Subject:** | Watts v. Hospitality Ventures |

**Attachments:** Partners in Pediatrics.pdf; MMMBUCKHEAD-#1686513-v2-Certification_of_Records.DOC

Alicia and Priscilla,

On July 2, 2007, we will serve the attached subpoena upon Partners in Pediatrics seeking the medical records of Tanner Watts. Also attached is the certification of records we will serve with the subpoena. We would like Plaintiff to consent to the production of those records. In the next few days, we will provide Plaintiff with a proposed confidentiality order designed to protect the confidentiality of those documents.

By June 30, 2007, please let me know whether Plaintiff will consent to the production of those records.

Please call if you have any questions.

Dan Fellner
Employment Law Group
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
p: (404) 504-5476
f: (404) 365-9532

For information on Morris, Manning & Martin, LLP, please visit our Web site at http://www.mmmlaw.com. This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Middle | DISTRICT OF | Alabama, Northern Division |

Heather Watts

V.

Hospitality Ventures, LLC

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  2:06CV1149-MEF

TO:  Custodian of Records
Partners in Pediatrics (Dr. Lamenda Blakeney)
8160 Seaton Place
Montgomery, AL 36116

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

A certified copy of any and all documents that reference, concern, or relate to any medical treatment or health care provided to or received by Tanner Watts for the period from August 10, 2005, to February 28, 2006.

| PLACE | Maynard, Cooper & Gale, 100 North Union Street, Suite 650, Montgomery, Alabama 36104, (334) 262-2001 | DATE AND TIME 7/13/2007 10:00 am |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 6/30/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel S. Fellner, 3343 Peachtree Road, N.E., Atlanta, Georgia 30326, (404) 233-7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF AUTHENTICATION OF RECORDS

THE UNDERSIGNED, certifies that the attached records are true, accurate and complete copies

of _____ files responsive to the SUBPOENA FOR PRODUCTIONS OF

DOCUMENTS, dated June 14, 2007, which were made and kept by _____.

This CERTIFICATE is given in lieu of the personal appearance of the person certifying, and in

connection with a lawsuit involving Heather Watts vs. Hospitality Ventures, LLC.

These records were kept in the normal course of business by _____, and it

was the regular business practice to maintain these particular records.

The records with this certificate were delivered to Dan Fellner, Esq., attorney for Defendant

Hospitality Ventures, LLC, who is the counsel who sought production of these records.


_____
Taylor Road Baptist Records Custodian

SWORN TO AND SUBSCRIBED
before me this _____ day of
_____, 2007.

_____
Notary Public
My Commission Expires: _____
(AFFIX NOTARIAL SEAL)

# EXHIBIT O

## Daniel S. Fellner

| | |
|---|---|
| **From:** | Daniel S. Fellner |
| **Sent:** | Thursday, June 28, 2007 3:25 PM |
| **To:** | 'Alicia Haynes'; Priscilla Black Duncan |
| **Cc:** | 'Jeff Lee' |
| **Subject:** | Confidentiality Stipulation |
| **Attachments:** | MMMBUCKHEAD-#1694460-v3-Confidentiality_Order-Hospitality_Ventures-Watts.DOC |

Alicia and Priscilla,

As I mentioned in my e-mail on June 20, attached is a proposed Stipulation and Protective Order for your review. We believe such an Order will help facilitate discovery for both of the parties in this case. Please provide us your comments, and let us know whether Plaintiff is agreeable to entering such a stipulation.

Please call if you have any questions.

Dan Fellner
Employment Law Group
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
p: (404) 504-5476
f: (404) 365-9532

For information on Morris, Manning & Martin, LLP, please visit our Web site at http://www.mmmlaw.com.
This e-mail message and its attachments are for the sole use of the designated recipient(s). They may contain confidential information, legally privileged information or other information subject to legal restrictions. If you are not a designated recipient of this message, please do not read, copy, use or disclose this message or its attachments, notify the sender by replying to this message and delete or destroy all copies of this message and attachments in all media. Thank you.

TREASURY DEPARTMENT CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HEATHER WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2:06CV1149-MEF |
| | ) | |
| HOSPITALITY VENTURES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATION AND PROTECTIVE ORDER

Whereas, the parties stipulate that certain discovery material is and should be treated as confidential. Pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown, and by agreement of all parties, it is hereby ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this

Error! Unknown document property name.

Order.

3.   **Documents Which May be Designated Confidential.**  Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, commercial information, or protected health information (as that term is defined by the Health Insurance Portability and Accountability Act of 1996, as amended, and its regulations).   Information or documents which are available to the public may not be designated confidential.

4.   **Depositions.**  Portions of depositions shall be deemed confidential only if designated CONFIDENTIAL when the deposition is taken or within fourteen (14) business days after receipt of the transcript.   Such designation shall identify the specific pages and lines designated CONFIDENTIAL, or the portions of testimony or exhibits designated CONFIDENTIAL if such designation is made at the time of the deposition on the transcript.

5.   **Protection of Confidential Material.**

a.     **General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶5.b.) for any purposes other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b.     **Limited Disclosures.**  Except with the prior written consent of the individual or entity asserting confidential treatment or pursuant to prior Order after notice as provided in Paragraph 8, any document designated as CONFIDENTIAL, and any information contained in, or derived from, any such document (including, but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated

Error! Unknown document property name.

CONFIDENTIAL) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than the Court and:

> (1)    Counsel of record for the respective parties to this action and clerks, paralegals, secretaries or other employees of such counsel assigned to assist such counsel in this action;
>
> (2)    Named parties to this action, or, in the case of a party who is an entity, owners, officers, agents, and employees of that entity;
>
> (3)    Court reporters engaged for this action and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;
>
> (4)    Experts specially retained as consultants or expert witnesses in connection with this action; and
>
> (5)    other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

c.    **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

6.    **Filing of Confidential Materials.**  In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the documents solely

3                    Error! Unknown document property name.

for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.  The parties understand that documents may be filed under seal only with the permission of the Court.

       7.    **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

       8.    **Challenges to Designation as Confidential.**  Any CONFIDENTIAL designation is subject to challenge.  The following procedures shall apply to any such challenge.

       a.    A party who contends that a document or documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  For fifteen (15) calendar days from service of the written notice, the parties shall attempt to resolve the dispute without judicial intervention.

       b.    After fifteen (15) calendar days from service of the written notice, if the parties are unable to resolve a dispute about the confidential treatment of any document or documents designated CONFIDENTIAL without judicial intervention, the party challenging the designation may move for an Order requesting that the Confidential designation be removed.

       **Error! Unknown document property name.**

c.    Notwithstanding any challenge to the designation of any document or documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)    the party who claims that the document or documents are confidential withdraws such designation in writing; or

(2)    the Court rules that the document or documents should no longer be designated as confidential information.

d.    Challenges to the confidentiality of a document or documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.    **Treatment on Conclusion of Litigation.**

a.    **Order Remains in Effect.**    All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation and all appeals unless otherwise agreed or ordered.

b.    **Return of CONFIDENTIAL Documents.**    Within thirty (30) days after the conclusion of the litigation, including conclusion of all appeals, all documents treated as confidential under this Order, including copies as defined above (¶6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work

Error! Unknown document property name.

product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

c.    **Documents Filed under Seal.**    The Clerk of Court may, at the conclusion of the litigation including conclusion of all appeals, return to counsel for the parties, or destroy, any materials filed under seal.  Before destroying any document filed under seal, the Clerk of Court shall advise all parties of their option to accept return or destruction and shall allow no less than thirty (30) days from issuance of the notice for counsel to respond. In the absence of a response, the Clerk of Court may destroy documents filed under seal.

10.    **Order Subject to Modification.**    This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11.    **No Judicial Determination.**    This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12.    **Persons Bound.**    This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) the parties.

Error! Unknown document property name.

DONE and ORDERED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT COURT

AGREED AND STIPULATED:


_____
Priscilla Black Duncan
helzphar@mindspring.com
P.B. Duncan & Associates
472 S. Lawrence, Suite 204
Montgomery, AL  36104

Alicia K. Haynes
akhaynes@haynes-haynes.com
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226

Attorneys for Plaintiff Heather Watts


_____
Jeffrey A. Lee
jlee@maynardcooper.com
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Telephone:  (205) 254-1987
Fax:  (205) 254-1999

R. Jason D'Cruz (*Admitted Pro Hac Vice*)
rjd@mmmlaw.com
Daniel S. Fellner (*Admitted Pro Hac Vice*)
dfellner@mmmlaw.com
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044
Telephone:  (404) 233-7000
Fax:  (404) 365-9532

Attorneys for Defendant Hospitality Ventures, LLC

**Error! Unknown document property name.**