IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HEATHER WATTS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.2:06-CV-01149-MEF |
| | ) | (WO) |
| HOSPITALITY VENTURES, LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

Once again the court is called upon to resolve a discovery dispute that could have been avoided if the lawyers had talked to each other in good faith instead of using written "communications" which, of course, is really no communication at all. On June 29, 2007, the court heard argument on the plaintiff's emergency motion for protective order and motion for sanctions (doc. # 21) and the defendant's cross motion for sanctions. (doc. # 25). For the reasons which follow, the motions will be denied.

After the parties filed their FED.R.CIV.P. 26 planning meeting report, the court entered a FED.R.CIV.P. 16 scheduling order which *inter alia* set a discovery cut-off of January 17, 2008. On April 13, 2007, notwithstanding the fact that the scheduling order permitted discovery on all matters relevant to a claim or defense, FED.R.CIV.P. 26(b)(1), the plaintiff filed a motion requesting that the court "allow limited discovery on the issue of jurisdiction . . ." The court granted this motion stating that "The parties shall be allowed limited discovery on the issue of jurisdiction -- whether the Plaintiff is an eligible

employee and the Defendant an eligible employer under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. -- until July 27, 2007." The motion for protective order was filed because the defendant issued FED.R.CIV.P. 45 subpoenas to schools attended by the plaintiff's children seeking records and the plaintiff construed her motion and the court's order as restricting the scope of discovery.

In presenting motions to a busy court, lawyers should be careful to say what they mean, and, as is obvious, plaintiff's lawyer was not clear. The plaintiff did not ask that all discovery be limited or that general discovery be stayed pending resolution of the jurisdictional issue. That may have been what the lawyer meant, but she failed to say it. It is correct that the court's order granting the motion and reciting the language of the motion may have created ambiguity, but that is of no moment. As the defendant pointed out, the plaintiff sought discovery which itself went well beyond the parameters of discovery limited to the jurisdictional issue.[1] Given the nature of those requests, the plaintiff's arguments about the meaning of her motion and the court's order ring hollow.

The defendant also seeks sanctions against the plaintiff for her failure to consult with opposing counsel before filing the motion and for filing a frivolous motion. During oral argument, the court suggested that the defendant had failed to give appropriate notice

---

[1] In her first request for production of documents the plaintiff requested production of Personnel files for several persons (# 1); Hotel sales, revenue, and performance documents (## 2, 3,4, 16, 20, 21); Other EEOC charges and lawsuits (# 6); Communications between various persons (## 7, 8); Hiring and firing decisions by the Hotel's General Manager, Tammy Dominguez (#9); The business travel itineraries for Roger Miller, a person whom Plaintiff interacted with while she was employed at the Hotel (#10); Sales agreements (# 11); Marketing and bonus information (## 14, 22); The Hotel's franchise agreement with Marriott (# 12); and Information about Plaintiff's performance (## 17, 18, 19).

of the FED.R.CIV.P. 45 subpoenas. However, upon further reflection, the court finds that it is correct that the date of production was established well after the date the subpoenas were served, and the plaintiff had ample notice and opportunity to object. Nonetheless, the court concludes at this early juncture in this litigation that the request for sanctions will be denied.[2] However, in the future if either party fails to *communicate* with the other party in a good faith effort to resolve discovery disputes, the court will not hesitate to impose appropriate sanctions under FED.R.CIV.P. 37 or the court's inherent authority. Accordingly, it is

ORDERED that the plaintiff's emergency motion for protective order and motion for sanctions (doc. # 21) and the defendant's cross motion for sanctions. (doc. # 25) be and are hereby DENIED.

Done this 29th day of June, 2007.

     /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] For that reason, the court eschews the interesting issue of whether an objection to FED.R.CIV.P. 45 subpoenas requires prior attempts to resolve a dispute without court intervention as required by FED.R.CIV.P. 26(c).

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).