IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:06CV1149-MEF |
| | ) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **STIPULATION AND PROTECTIVE ORDER**

Whereas, the parties stipulate that certain discovery material is and should be treated as confidential. Pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown, and by agreement of all parties, it is hereby ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, commercial information, or protected health information (as that term is defined by the Health Insurance Portability and Accountability Act of 1996, as amended, and its regulations). Information or documents which are available to the public may not be designated confidential.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated CONFIDENTIAL when the deposition is taken or within fourteen (14) business days after receipt of the transcript. Such designation shall identify the specific pages and lines designated CONFIDENTIAL, or the portions of testimony or exhibits designated CONFIDENTIAL if such designation is made at the time of the deposition on the transcript.

5. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶5.b.) for any purposes other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Disclosures.** Except with the prior written consent of the individual or entity asserting confidential treatment or pursuant to prior Order after notice as provided in Paragraph 8, any document designated as CONFIDENTIAL, and any information contained in, or derived from, any such document (including, but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated CONFIDENTIAL) may not be disclosed other than in accordance with this Order and may

not be disclosed to any person other than the Court and:

    (1)    Counsel of record for the respective parties to this action and clerks, paralegals, secretaries or other employees of such counsel assigned to assist such counsel in this action;

    (2)    Named parties to this action, or, in the case of a party who is an entity, its owners and officers;

    (3)    Court reporters engaged for this action and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    (4)    Experts specially retained as consultants or expert witnesses in connection with this action;

    (5)    Individuals identified by the parties as deposition or trial witnesses; and

    (6)    other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

    c.    **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

    6.    **Filing of Confidential Materials.**  In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the documents

solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the Court.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge.

   a. A party who contends that a document or documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. For fifteen (15) calendar days from service of the written notice, the parties shall attempt to resolve the dispute without judicial intervention.

   b. After fifteen (15) calendar days from service of the written notice, if the parties are unable to resolve a dispute about the confidential treatment of any document or documents designated CONFIDENTIAL without judicial intervention, the party challenging the designation may move for an Order requesting that the Confidential designation be removed.

    c.    Notwithstanding any challenge to the designation of any document or documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

    (1)    the party who claims that the document or documents are confidential withdraws such designation in writing; or

    (2)    the Court rules that the document or documents should no longer be designated as confidential information.

    d.    Challenges to the confidentiality of a document or documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.    **Treatment on Conclusion of Litigation.**

a.    **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation and all appeals unless otherwise agreed or ordered.

b.    **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of all appeals, all documents treated as confidential under this Order, including copies as defined above (¶6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work

product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

    c.    **Documents Filed under Seal.** The Clerk of Court may, at the conclusion of the litigation including conclusion of all appeals, return to counsel for the parties, or destroy, any materials filed under seal. Before destroying any document filed under seal, the Clerk of Court shall advise all parties of their option to accept return or destruction and shall allow no less than thirty (30) days from issuance of the notice for counsel to respond. In the absence of a response, the Clerk of Court may destroy documents filed under seal.

    10.    **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

    11.    **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

    12.    **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) the parties.

DONE and ORDERED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT COURT

AGREED AND STIPULATED:

| | |
|---|---|
| Priscilla Black Duncan<br>helzphar@mindspring.com<br>P.B. Duncan & Associates<br>472 S. Lawrence, Suite 204<br>Montgomery, AL  36104<br><br> s/ Alicia K. Haynes   (by Dan Fellner with express permission)_____<br>Alicia K. Haynes<br>akhaynes@haynes-haynes.com<br>Haynes & Haynes, P.C.<br>1600 Woodmere Drive<br>Birmingham, Alabama 35226<br><br>Attorneys for Plaintiff Heather Watts | Jeffrey A. Lee<br>jlee@maynardcooper.com<br>MAYNARD, COOPER & GALE, P.C.<br>1901 Sixth Avenue North<br>2400 AmSouth/Harbert Plaza<br>Birmingham, Alabama 35203-2618<br>Telephone:  (205) 254-1987<br>Fax:  (205) 254-1999<br><br>__s/ Daniel S. Fellner_____<br>R. Jason D'Cruz (*Admitted Pro Hac Vice*)<br>rjd@mmmlaw.com<br>Daniel S. Fellner (*Admitted Pro Hac Vice*)<br>dfellner@mmmlaw.com<br>MORRIS, MANNING & MARTIN, LLP<br>1600 Atlanta Financial Center<br>3343 Peachtree Road, N.E.<br>Atlanta, Georgia 30326-1044<br>Telephone:  (404) 233-7000<br>Fax:  (404) 365-9532<br><br>Attorneys for Defendant Hospitality Ventures, LLC |