# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHEAST DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO.: |
| | )   2:06-cv-1149-MEF |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS
OF UNDISCLOSED WITNESSES IN THEIR ENTIRETY
AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
PURSUANT TO FRCP 37 TO EXCLUDE ANY TESTIMONY OR
REFERENCE TO THE TESTIMONY OF
KAREN KISH AND CAROL TWARDOCH**

Pursuant to FRCP 26 and 37, Plaintiff, by and through her undersigned attorneys, moves this Honorable Court to strike the affidavits produced by Defendant of Karen Kish and Carol Twardoch in their entirety and to further preclude the admission of any testimony or reference to the testimony of Karen Kish and Carol Twardoch. In support of this Motion, Plaintiff states:

1. Defendant, Hospitality Ventures, has identified in its Motion for Summary Judgment, and attached the affidavits of Karen Kish and Carol Twardoch to support its position that it did not employ nor discriminate against the Plaintiff.

Specifically, these individuals state they are employed, but do not state in what capacity nor even what their position or title is. It is not evident when these individuals became employed with Hospitality Ventures Management nor how these individuals could testify as to the corporate structure of Hospitality Ventures, LLC, HVMI or Montgomery Ventures. They are not corporate offices or management, but employees.

2. Further, this lawsuit was filed on December 27, 2006, in the Middle District of Alabama, Northeastern Division. On April 11, 2007, the parties submitted a Joint Report of Parties' Planning Meeting agreeing to exchange "the information required by Local Rule 26.1(a)(1) on or before April 27, 2007."

3. Defendant served its initial disclosures on April 6, 2007. There were no supplements.

4. Karen Kish and Carol Twardoch **have never been disclosed by the defendant** as required by Federal Rules of Civil Procedure 26(1)(a).

5. The defendant listed three (3) witnesses initially in its disclosures. **(See Exhibit 1)**. The defendant did not list, nor timely supplement, the names of Karen Kish and Carol Twardoch as potential witnesses having discoverable information.[1]

---

[1] . . . . . . (1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or

6. The Plaintiff thereafter had reason to rely on the defendant's disclosures in conducting its discovery.

7. Karen Kish and Carol Twardoch state in their affidavits that they are employed by Defendant, but do not state in what capacity. These individuals obviously have no management authority to testify to the representations in these affidavits.

8. A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, **or on a motion** any witness or information not so disclosed. FRCP 37 (c)(1).(Emphasis added).[2]

9. Federal Rule of Civil Procedure 37(c) incorporates a concept of fundamental fairness that all parties must adhere to during the discovery process. Further Rule 37(c) not only contemplates, but mandates that if a party fails to make the required disclosures, and the failure is not harmless, then the party is not permitted

---

defenses, unless solely for impeachment, identifying the subjects of the information. (FRCP 26(a)(1)(A)).

[2]Rule 26 also requires discovery-related filings to be signed by the attorney of record. The signature certifies that the filing conforms to the discovery rules, is made for a proper purpose, and does not impose undue burdens on the opposing party in light of the circumstances of the case. Fed. R. Civ. P. 26(g)(2). Sanctions under Rule 26(g)(3) are not discretionary if the district court finds that a discovery filing was signed in violation of the rule.

to use the evidence. The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery. *Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Drive Condominium Ass'n*, No. 00 C 1110, 2002 WL 356483, at *4 (N.D.Ill. Mar.5, 2002).

10. The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to judicial management of the case. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.), *cert. denied*, 516 U.S. 822, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995).

11. The 2000 advisory committee's note to Rule 26(a)(1)(A) and (B) defines "use" to include any use at a pretrial conference, **to support a motion**, or at trial. The defendant's failure to disclose Karen Kish and Carol Twardoch is not harmless since it is now relying on undisclosed witnesses to support its motion for summary judgment.

12. However, nothing in Rule 26(a)(1)(A) states that a party need not identify a prospective witness if the other party has listed that witness. The point is that Defendant was obliged to inform Plaintiff of witnesses whom they believed had discoverable information on which Defendant intended to rely to support their claims. See *Hosea v. Langley*, 2006 WL 314454, *6 (S.D.Ala. Feb. 8, 2006).

13. There is ample case law that supports Plaintiff's contention that where

the Defendant has not provided any reason for failing to serve its initial disclosures and the Plaintiff would be prejudiced if Defendant was permitted to use an undisclosed witness or exhibit at trial, the Defendant is barred from using any evidence or witness at trial that has not already been disclosed in Plaintiff's initial disclosures. *U.S. v. Kahn* 2005 WL 3801810, *1 (M.D.Fla., Nov. 18, 2005).

14. This deception by the defendant in not disclosing material witnesses not only affected the Plaintiff's strategy in litigating this case, but directed which depositions would be taken and which documents would be requested. There is no cure for Defendant's failure to cure other than to reopen discovery at this late juncture. It is delays such as this that dictates the Defendant is not allowed to use the testimony of undisclosed witnesses.

15. The Plaintiff was not only prejudiced in their discovery, but will also be prejudiced in the preparation of their response to defendant's dispositive motion and rebutting the defendant's arguments. *Hermeling v. Montgomery Ward & Co., Inc.*, 851 F.Supp. 1369, 1376 (D.Minn.1994) ("Furthermore, Hermeling's counsel's untimely disclosure has unfairly prejudiced Montgomery Ward in its preparation for this motion [for summary judgment] by effectively precluding any type of formal rebuttal.") (citing *Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 572 (8th Cir.1989)); see also *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985-87 (6th Cir.1988) (analyzing an earlier version of Rule 37). This Court should uphold the fundamental

fairness dictated in Rule 37(c).

16.   Under Rule 37(c), the district court's latitude is wide. See *Poulin v. Greer*, 18 F.3d 979, 984 (1st Cir.1994).  For failure to make the specified discovery, the district court is directed to preclude as evidence "any witness or information not so disclosed," and "[i]n addition to or in lieu of this sanction, the court, on a motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  FRCP 37(c).

WHEREFORE, the defendant is without substantial justification for its failure to disclose material witnesses that it now attempts to use to support its Motion for Summary Judgment.  The Plaintiff has been prejudiced in her discovery and in responding to the defendant's motion for summary judgment. The Plaintiff will suffer irreparable harm that cannot be cured absent this court imposing the mandates of Rule 37(c).

Plaintiff moves this Court to strike the affidavits of Karen Kish and Carol Twardoch in their entirety.  Further, the Plaintiff moves this Court for a Protective Order excluding the testimony of Karen Kish and Carol Twardoch and further, any other witness not so disclosed by the defendant.

        Respectfully submitted,


        /s/ Alicia K. Haynes
        Alicia K. Haynes
        Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama 35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail: akhaynes@haynes-haynes.com
ASB-8327-E23A

# **CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel S. Fellner
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

Jeffrey Allen Lee
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

R. Jason D'cruz
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

                                                                           s/ Alicia K. Haynes
                                                                           **OF COUNSEL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Heather Watts, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:06CV1149-MEF |
| Hospitality Ventures, LLC, | ) ) ) |
| Defendant. | ) |

## HOSPITALITY VENTURES, LLC's INITIAL DISCLOSURES

NOW COMES Hospitality Ventures, LLC and, pursuant to Federal Rule of Civil Procedure 26(a)(1), makes the following Initial Disclosures.

1) Please provide (i) the name and, if known, (ii) the address and telephone number of each individual likely to have discoverable information that Hospitality Ventures may use to support its claims or defenses, unless solely for impeachment, and (iii) identifying the subjects of the information.

Response:

| Name | Address and Telephone Number. | Subjects of Information |
|---|---|---|
| Heather Watts | Current contact information unknown. | Knowledge of Plaintiff's employment, leave of absence, and termination. |
| Tammy Dominguez | May be contacted through Defendant's counsel. | Knowledge of Plaintiff's employment, leave of absence, and termination. |

1612147 v06

| Name | Address and Telephone Number. | Subjects of Information |
|---|---|---|
| Tandi Mitchell | Current contact information unknown. | Knowledge of Plaintiff's employment. |
| Todd Epplin | May be contacted through Defendant's counsel. | Knowledge of Plaintiff's employment. |
| Roger Miller | May be contacted through Defendant's counsel. | Knowledge of Plaintiff's employment, leave of absence, and termination. |

2)   Please provide a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of Hospitality Ventures, and that Hospitality Ventures may use to support its claims or defenses unless solely for impeachment.

Response:

   See Attachment A.

3)   Please provide a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Response:

   Not applicable.

4)   Please provide for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be interest in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Response:

    Not applicable.

    This 6th day of April, 2007.

                              Respectfully submitted,

                              Jeffrey A. Lee
                              Maynard, Cooper & Gale, P.C.
                              1901 Sixth Avenue North
                              2400 AmSouth/Harbert Plaza
                              Birmingham, Alabama 35203-2618
                              Telephone: (205) 254-1987
                              Fax: (205) 254-1999

                              *[signature]*

                              R. Jason D'Cruz
                              Admitted Pro Hac Vice
                              Daniel S. Fellner
                              Admitted Pro Hac Vice
                              Morris, Manning & Martin, LLP
                              1600 Atlanta Financial Center
                              3343 Peachtree Road, N.E.
                              Atlanta, Georgia 30326-1044
                              Telephone: (404) 233-7000
                              Fax: (404) 365-9532

                              Attorneys for Hospitality Ventures, LLC

## Attachment A

To date, Hospitality Ventures has identified the following documents and electronically stored information which are relevant to this case, but reserves the right to supplement this list at a later date:

Plaintiff's personnel file;

Plaintiff's electronic mailbox at the Fairfield Inn Montgomery, Alabama; and

Selected messages from the electronic mailbox of Roger Miller.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Heather Watts, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Hospitality Ventures, LLC, )<br>)<br>Defendant. ) | CASE NO. 2:06CV1149-MEF |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served by U.S. Mail the foregoing "Hospitality Ventures, LLC's Initial Disclosures" upon the following persons:

> Priscilla Black Duncan
> P.B. Duncan & Associates
> 472 S. Lawrence, Suite 204
> Montgomery, AL  36104
>
> Alicia K. Haynes
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, Alabama 35226

This 6th day of April, 2007.

_____
Attorney for Hospitality Ventures, LLC

-5-

1612147 v06