IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HEATHER WATTS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06-cv-1149-MEF |
| | ) | (WO - Do not publish) |
| HOSPITALITY VENTURES, LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Plaintiff's Motion to Strike the affidavits of Karen Kish and Carol Twardoch. (Doc. 38). Defendant submitted these affidavits in support of its Motion for Summary Judgment. (Doc. 34).

## PROCEDURAL HISTORY

On April 12, 2007, the Court entered the Scheduling Order. On April 27, 2007, Local Rule 26.1 disclosures were due. On April 6, 2007, Defendant sent its initial disclosures, and it failed to name Carol Twardoch and Karen Kish. (Doc. # 38-2). Kish submitted an affidavit on March 26, 2007 in support of Defendant's Motion for Partial Summary Judgment. (Doc. # 13-6). On September 12, 2007, Defendant filed a Motion for Summary Judgment and submitted affidavits of Twardoch and Kish in support of the motion. (Docs. # 34-16 & 34-22). On October 10, 2007, Defendant served Plaintiff with supplemented disclosures that identified Twardoch and Kish.

## DISCUSSION

**A. General rule - disclosure of witnesses with personal knowledge**

Rule 16 of the Federal Rules of Civil Procedure requires the Court to set a schedule for discovery and the filing of motions. The Scheduling Order stated that the parties are to comply with the Local Rules of the Court. (Doc. # 17, at 1). Local Rule 26.1, which is based on Rule 26(a)(1)(A) of the Federal Rules, states:

> a party shall, without awaiting a discovery request and within twenty-one days from the date of the scheduling order entered under Fed. R. Civ. P. 16(b):
>
> (A) Provide to other parties the name and, if known, the address and telephone number of each individual believed by it to have discoverable, non-privileged personal knowledge concerning any significant factual issue in the case, appropriately indicating the subjects about which the person has such knowledge

Local Rule 26.1. Federal Rule 26(e), which has no similar local rule, states:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

Fed. R. Civ. P. 26(e). The Advisory Committee Notes to the 1993 Amendments elaborate on the requirement that the information is not otherwise made known to the other parties. There is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a

2

witness not previously disclosed is identified during the taking of a deposition." Fed. R. Civ. P. 26(e) advisory committee note.

**B. Application of the Rule to Defendant's Failure to Disclose Twardoch**

Defendant argues that it had no duty to supplement its initial disclosures under Rule 26(e)(1) because Plaintiff knew of Twardoch through the discovery process. (Doc. # 42, at 11). Defendant points out that Plaintiff knew of Twardoch because of the set of emails exchanged on June 7 and July 13, 2007, and the deposition of Roger Miller, Vice President of HVMI, on July 20, 2007. (Doc. # 42, at 9-10).

The sets of emails exchanged on June 7 and July 13, 2007 (Docs. # 42-4 & 42-6) indicate that Twardoch may have had knowledge that is discoverable. The first five emails (and the emails to which they respond) in the June 7 disclosure relate to Plaintiff's performance as a sales and marketing director. The sixth email chain relates to questions that Plaintiff had about insurance coverage. This chain shows that Plaintiff sent four emails to Amrita Parekh to ask questions about insurance. The only email addressed to Twaroch was the fourth one.

The July 13 disclosure contains five emails. The first two relate to the setup of Plaintiff's work email account. The third email is from Twardoch to Plaintiff. Twardoch asked Plaintiff for her home mailing address so that Twardoch could send Plaintiff a disc related to Plaintiff's job, which she was doing while on maternity leave. The fourth and fifth emails are from Twardoch to Plaintiff and relate to setting up a marketing budget

and Miller's notes from his trip to Plaintiff's hotel.

The portion of the July 20, 2007 deposition of Miller that Defendant claims gave

Plaintiff sufficient knowledge is the following:

> Q. [by Plaintiff's counsel]. And who is Carol Twardoch?
> A. [by Miller]. Company admin. I don't know her exact title. I know what she calls herself.
> Q. What? What does she call herself?
> A. Mother ship.
> Q. Mother ship?
> A. Yeah.
> Q. And why would she say that?
> A. She's very valuable in all assets.
> Q. Oh. Maybe I should be talking to her.

(Doc. # 42, at 3-4) (quoting Deposition of Roger Alan Miller (Doc. # 42-7, at 96:6-14)).

This testimony at least made Plaintiff aware that Twardoch was a person with

discoverable information.  Plaintiff argues that "[t]he fact Twardoch and Kish's names

were mentioned previously does not place Plaintiff on notice that the witnesses have

discoverable information to require the Plaintiff to depose these witnesses."  (Doc. # 46, ¶

4).  However, Rule 26(e) does not require a supplemental disclosure of a witness name if

the witness was identified in discovery, such as during a deposition.  Fed. R. Civ. P. 26(e)

advisory committee note.  Therefore, since Twardoch was identified in Miller's

deposition and in the emails exchanged between the parties, Plaintiff's Motion to Strike is

due to be denied with respect to Twardoch.

**C. Application of the Rule to Defendant's Failure to Disclose Kish**

Defendant argues that Plaintiff had knowledge of Kish of because of Kish's affidavit filed on March 26, 2007, before the deadline for initial disclosures, in support of Defendant's Motion for Partial Summary Judgment. (Doc. # 42, at 8); (Doc. # 13-6). As she does with respect to Twardoch, Plaintiff argues that this was insufficient to put her on notice that Kish's testimony supports Defendant's defenses. (Doc. # 46, ¶ 4). However, under these circumstances, Defendant was not obligated to supplement its initial disclosures to include Kish because Kish was identified in the affidavit submitted on March 26, 2007. Therefore, Plaintiff's motion is due to be denied with respect to Kish.

**D. Admissibility of the Twardoch and Kish affidavits**

Plaintiff argues that the Court should strike the second Kish Affidavit and Twardoch's affidavit because they do not state the following in their affidavits: (1) how they can testify as to the corporate structures of Hospitality Ventures, LLC; HVMI; or Montgomery Ventures, LLC; (2) what their positions or titles are; (3) in what capacities they are employed; (4) when they became employed by HVMI; and (5) that they have management authority.

Rule 56 of the Federal Rule of Civil Procedure states:

[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(e). If an affiant states that her testimony is based on personal knowledge, then the Court must "accept such statements as true, unless the context

5

demonstrate[s] otherwise." *Martin v. Rumsfeld*, 137 Fed. Appx. 324, 325 (11th Cir. 2005). Kish and Twardoch stated in their affidavits that their testimony was based on personal knowledge, and their list of duties indicates that there is an adequate foundation for their testimony. Therefore, the Court finds that their affidavits are admissible.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Strike (Doc. # 38) is DENIED.

Done on this 25th day of January, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2.    <u>**Time for Filing**</u>: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a)    **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b)    **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c)    **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d)    **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)    **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    <u>**Format of the notice of appeal:**</u> Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.    <u>**Effect of a notice of appeal:**</u> A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).