IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HEATHER WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:06-cv-1149-MEF |
| | ) (WO - Do not publish) |
| HOSPITALITY VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the Court on Defendant's Motion for Partial Summary Judgment (Doc. # 13) and Motion for Summary Judgment (Doc. # 34). This case arose out of the termination of Plaintiff's employment as the Director of Sales and Marketing at the Fairfield Inn by Marriott in Montgomery, Alabama. Plaintiff argues that the termination violated Title VII of the Civil Rights Act ("Title VII") and the Family and Medical Leave Act ("FMLA").[1] The Court does not need to reach the merits of Plaintiff's claims because the sole named defendant cannot be liable under Title VII or the FMLA. Defendant's motions are due to be GRANTED.

---

[1] Initially, Plaintiff asserted state law claims for breach of contract and breach of implied covenant of good faith and fair dealing. In her response to Defendant's Motion for Summary Judgment, Plaintiff moved to voluntarily dismiss these claims. (Doc. # 40, at 29). This motion is due to be granted, and these claims will not be discussed in this Memorandum Opinion and Order.

## II. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under Title VII, 42 U.S.C. § 2000e *et seq.*, and the FMLA, 29 U.S.C. § 2601 *et seq.* The parties do not contest personal jurisdiction or venue, and the Court finds a sufficient factual basis for each.

## III. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by

presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23. Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the nonmovant and must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Anderson*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

## IV. FACTS AND PROCEDURAL BACKGROUND

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the nonmoving party, establish the following relevant facts:

**A. Relationships of the relevant individuals and entities**

Since 2002, Montgomery Ventures, LLC ("Montgomery Ventures") has owned the Fairfield Inn by Marriott in Montgomery, Alabama (the "Hotel"). (Doc. # 34-16, ¶ 9). Montgomery Ventures employed and paid Plaintiff and the other employees of the Hotel. Aff. of Karen Kish (Doc. # 34-22, ¶ 2). There is a close relationship between Montgomery Ventures and Hospitality Ventures Management, Inc. ("HVMI"). HVMI provides Montgomery Ventures with "support and tools in all facets of the hospitality business," including "management, sales and marketing, guest satisfaction, [and] operations." Dep. of Roger Miller (Doc. # 32-4, at 24). Montgomery Ventures pays management fees for these services. (*Id.* at 27-28). HVMI provides similar services to other hotels.

Although Montgomery Ventures technically was Plaintiff's employer, HVMI had a significant, employer-like relationship with Plaintiff. Roger Miller, HVMI's Vice President of Sales and Marketing, interviewed Plaintiff for her position, supervised her, helped to determine her salary, and established performance goals for her. (*Id.* at 28-29, 37). Although Miller's approval was not required to hire Plaintiff, "[m]ost managers look at [Miller] as being the last person to interview and bless a hiring." (*Id.* at 37).

When Plaintiff filed this lawsuit, she named only one Defendant, Hospitality Ventures, LLC. On May 16, 2001, Defendant was formed in Delaware. Aff. of Carol Twardoch (Doc. # 34-16, ¶ 2). Defendant never owned or operated the Hotel, and it

never employed or paid Plaintiff. (*Id.* ¶ 9). On June 1, 2005, approximately five months prior to the termination of Plaintiff's employment, the Delaware Secretary of State issued a certificate of cancellation with respect to Defendant, which meant that Defendant was no longer in existence and in good standing under the laws of Delaware. (*Id.* ¶ 3); (Doc. # 34-16). Since this cancellation, Defendant has had no affilation or relation to the Hotel. (Doc. # 34-16, ¶ 4). Since January 1, 2003, HVMI has not owned or operated Defendant, and Defendant has not owned or operated HVMI. (*Id.* ¶¶ 7-8).

**B. The termination of Plaintiff's employment**

On June 24, 2004, Plaintiff began working as the Director of Sales and Marketing at the Hotel. Plaintiff's supervisors were Miller and Hotel General Manager Todd Epplin. Plaintiff reported mainly to Miller on a weekly basis. Dep. of Plaintiff (Doc. # 32-2, at 70). Tammy Dominguez replaced Epplin as General Manager during Plaintiff's maternity leave. (*Id.* at 88).

Plaintiff took maternity leave on August 11, 2005, and delivered her baby the next day. Plaintiff initially planned on taking eight to ten weeks of maternity leave, but on September 27, 2005 she asked to take the full twelve weeks allowed under the FMLA.[2] (*Id.* at 297). This request was granted. (*Id.* at 367).

On November 2, 2005, Dominguez called Plaintiff and asked if Plaintiff would return to work full time on November 9, 2005. (*Id.* at 95-98). Plaintiff thought that full-

---

[2] Plaintiff's leave began on Thursday August 11, 2005, and thus her FMLA leave period would have ended twelve weeks later, or Thursday, November 3, 2005.

5

time status meant 35 hours a week, with some hours outside the hotel, pursuant to her job description and work schedule prior to the maternity leave and the hiring of Dominguez as General Manager. However, Dominguez wanted Plaintiff to work 40 hours per week, with fewer hours spent away from the hotel. (*Id.* at 96). Dominguez ended the conversation with Plaintiff and called Miller to discuss the matter. After talking to Miller, Dominguez called Plaintiff back and told Plaintiff that she had to either resign or be terminated. (*Id.* at 101). Miller was surprised to learn that Dominguez terminated Plaintiff because general managers normally contact Miller before they fire a sales director. (Doc. # 32-4, at 80, 103). The next day, Plaintiff cleaned out her office and received her final paycheck.

On November 9, 2005, Dominguez called Plaintiff and told her that she could not have been fired on November 2 because she was on FMLA leave. Dominguez offered Plaintiff two front desk clerk positions that required working 35 hours a week. Plaintiff refused to accept these positions.

## V. DISCUSSION

Defendant argues that it should be granted summary judgment because Hospitality Ventures, LLC does not exist and does not meet the definition of an employer such that it could be held liable under Title VII or the FMLA. Thus, it argues that it is not an entity from which Plaintiff is entitled to relief. Alternatively, Defendant argues that Plaintiff's Title VII and FMLA claims lack merit.

Only an "employer" can be liable for a violation of the FMLA or Title VII. *Faulkner v. Woods Transp., Inc.*, 174 Fed. Appx. 525, 528 (11th Cir. 2006) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514-16 (2006) (Title VII); *Wascura v. Carver*, 169 F.3d 683, 685 (11th Cir. 1999) (FMLA)). Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The FMLA defines an employer as an entity that employs "50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i).

In this case, Defendant is not an employer under Title VII or the FMLA. From 2003 to the present, Defendant had no employees, and it never owned or managed the Hotel. (Doc. # 34-16, ¶ 5). Five months before Plaintiff was terminated, the Delaware Secretary of State issued a certificate of cancellation with respect to Defendant. Therefore, Defendant cannot be liable under Title VII or the FMLA, and its motion is due to be granted.

Plaintiff argues that she was employed by Defendant because Roger Miller hired and supervised her. Plaintiff's argument that Defendant was her employer under Title VII and the FMLA might be supported if the named Defendant was Hospitality Ventures Management, Inc., and not Hospitality Ventures, LLC. Indeed, there was a close relationship between Montgomery Ventures, LLC – the owner of the Hotel – and HVMI.

However, Plaintiff did not name a defendant who could be liable, she did not amend her complaint, and the deadline for amending the pleadings passed on June 26, 2007. Therefore, Plaintiff's Title VII and FMLA claims cannot be made against Defendant.

## VI. CONCLUSION

It is hereby ORDERED as follows:

(1) Plaintiff's motion to voluntarily dismiss her state law claims (Doc. # 40, at 29) is GRANTED.

(2) Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

(3) Defendant's Motion for Partial Summary Judgment (Doc. # 13) and Motion for Summary Judgment (Doc. # 34) are GRANTED.

(4) Plaintiff's claims pursuant to Title VII and the FMLA in this case are DISMISSED WITH PREJUDICE.

(5) This Court will enter a separate final judgment taxing costs.

Done on this the 25th day of January, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.**  **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)  **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b)  **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)  **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)  **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).